# Hickman's Estate.

*Equity—Decree—Judgment—Recording act—Judgment index—Deed.*

1. Where a son accepts in good faith a deed of land from a weak-minded father for the purpose of protecting the father's interest, and thereafter pays judgments and charges against the land, and after the father's death all of the other heirs join in a bill in equity to secure the cancellation of the deed, the court in decreeing cancellation will direct that the advances shall be repaid the son and until repaid shall remain a charge upon the land. If the land is subsequently sold in partition proceedings the charges will be payable out of the proceeds; and it is immaterial that the decree was entered in the judgment index against the heirs of the decedent without naming them specifically. The recording act does not apply to the parties in such case; but even if it did, they had as parties in the equity suit actual notice of the decree, and were therefore bound by it.

2. Even a party entitled to notice from the judgment docket may receive it from some other source and be bound. He is not required to look elsewhere and cannot be affected by constructive notice unless the entry in the docket conform to the legal requirements, but actual notice to such party before his interest attaches affects him.

Argued April 20, 1909. Appeal, No. 173, April T., 1909, by H. C. Sayers, Jr., from decree of O. C. Greene Co., May T., 1906, No. 2, overruling exceptions to auditor's report in Estate of Solomon Hickman, deceased. Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Head, JJ. Affirmed.

Exceptions to report of Walter C. Montgomery, Esq., auditor. The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to auditor's report.

A. H. Sayers, for appellant.—The rule that land ceases to be an asset for the payment of decedent's debts upon the expiration of two years without suit brought, applies in favor of heirs: Cooper's Est., 206 Pa. 628; Oliver's App., 101 Pa. 299.

At the end of the two-year period the lands of the decedent

are discharged from the lien of the debts and are not assets for the payments of such debts whether in the hands of the heirs or devisees or purchasers: Kerper v. Hoch, 1 Watts, 9; Oliver's App., 101 Pa. 299; Cobaugh's App., 24 Pa. 143; Crawford's Est., 221 Pa. 131; Henry's Est., 34 Pa. Superior Ct. 597; Koering's Est., 34 Pa. Superior Ct. 425; Engle's Est., 22 Lanc. L. R. 261.

*James J. Purman*, with him *Challen W. Waychoff*, for appellee.

OPINION BY HENDERSON, J., July 14, 1909:

The appellant's objection to the allowance of the claim of the administrator of Stephen D. Hickman, is that the decree out of which it arises was entered more than two years after the death of Solomon Hickman and that if it is to be treated as a judgment against the decedent's estate it is not indexed in compliance with the provisions of the statute. The claim grew out of a proceeding in equity in which all the other heirs of Solomon Hickman filed a bill against Stephen D. Hickman praying for the cancellation of a deed delivered to the latter by Solomon Hickman for the conveyance of a farm on which the grantor then lived. The court found in that proceeding that Solomon Hickman was of weak mind because of old age at the time the conveyance was made and, therefore, incompetent to enter into such a contract. It was further found as a fact that the grantee was free from any fraudulent intent in accepting the conveyance, and was acting with good motives for the protection of his father's property. The decree was for the cancellation of the deed and that the estate of Stephen D. Hickman, who had died while the litigation was pending, be reimbursed in the sum of $921 which amount was advanced by him while he held the title, in payment of three judgments entered against Solomon Hickman and a debt of $349 due to Archibald Hickman, a son of the decedent, the whole amounting with interest to $1,248.25. It was further decreed that that sum "be entered as a judgment against the lands of Solomon Hickman, to be paid as a debt of said estate out of the proceeds of said lands." This decree was entered in the judgment index in the prothonotary's office against "Solomon Hickman, Heirs of, No. 65, In Equity."

The case is treated in the argument of the appellant as one against the estate of a decedent for the collection of a debt, but the record does not exhibit it in that character. The bill in equity was not brought against the estate of Solomon Hickman. All of his heirs but the defendant were the actors in that case, and the bill was filed several months after Solomon's death. They sought to recover the title to the farm which their ancestor had conveyed to the defendant, and while sufficient cause was shown to justify the court in granting the prayer of the complainants it was at the same time found by the court that the defendant had an equity arising out of the circumstances attending the conveyance to him which gave him an equitable lien for the amount paid out by him in discharge of incumbrances against the land and other indebtedness of the grantor. This claim of lien was set up in the answer filed in the equity case and was enforced by the court in the final decree. The land was thereby specifically charged with the claim and payment decreed to be made therefrom. From this decree no appeal was taken. It is a rule generally accepted that when one goes into a court of equity to be relieved against a contract not obtained by positive fraud but forbidden by law relief will only be granted on condition that he surrender any advantage obtained out of the contract. He must be just before he can ask equity. In accordance with this general principle it has come to be the doctrine of courts of equity that when a bona fide possessor of property improved its condition under an honest belief of ownership and the real owner is compelled to come into a court of equity to recover his title that court will require him to pay for such improvements so far as they were permanently beneficial to the estate and enhanced its value. Such was the rule applied by Chief Justice MARSHALL in Harding v. Handy, 24 U. S. 103, which was, like the one before us, a bill for the cancellation of deeds made by the grantor who was of feeble mind, the grantee having incurred charges for the maintenance of the grantor during his lifetime and for repairs and improvements made on the real estate. In Miner v. Beekman, 50 N. Y. 337, taxes and other sums advanced in relief of the land were decreed to a defendant holding under a defective title growing

out of the foreclosure of a mortgage. In McLaughlin v. Barnum, 31 Md. 425, a similar decree was made in favor of an administrator who bought at his own sale and whose title was held to be void for that reason. Sands v. Codwise, 4 Johns. 536, is to the same effect. In this state McCasky v. Graff, 23 Pa. 321; Skiles's App., 110 Pa. 248, and Putman v. Tyler, 117 Pa. 570, are some of the cases which hold the same doctrine. The decree in the equity case was in harmony with this principle and subjected the land which the plaintiffs in the bill claimed to the payment of the amount expended by Stephen D. Hickman in aid of the estate. That decree is binding on all the parties in interest. It is not alleged that rights of an innocent purchaser without notice have arisen, and the form of the indexing of the decree is, therefore, not material on the facts presented. The validity of the judgment as between the parties does not depend upon its entry in the judgment docket. That docket forms no part of the true record of the court. Its use as authorized by the Act of March 29, 1827, P. L. 154, is to give notice to purchasers, subsequent lien creditors and other parties interested. A defective entry in the judgment docket, therefore, merely fails to give notice. But even a party entitled to notice from the judgment docket may receive it from some other source and be bound. He is not required to look elsewhere, and cannot be affected by constructive notice unless the entry in the docket conform to the legal requirements, but actual notice to such party before his interest attaches affects him: Ridgway, Budd & Co.'s App., 15 Pa. 177; The York's Bank App., 36 Pa. 460; Stephen's Executors' App., 38 Pa. 9. The heirs in the equity proceeding received the benefit of the cancellation of the deed and they took that benefit with the burden of a repayment to Stephen D. Hickman of the amount which he had paid to relieve his father from his indebtedness and the land from its liability therefor. The proceeding was not one against the legal representatives of the decedent for the recovery of a debt. Whether such a claim could have been maintained or not we need not now consider, but when the heirs of Solomon Hickman found it necessary to go into a court of equity to secure a cancellation of the deed they subjected them-

selves to the liability of being required to pay what Stephen D. Hickman had advanced. This being the state of the record the orphans' court properly took notice of the judgment entered in the equity case and on the distribution of the fund raised by the partition sale appropriated the amount so decreed to Stephen D. Hickman's estate before distributing the shares to the heirs or their vendees. The sale in partition worked a conversion of the real estate, and the forty-ninth section of the Act of March 29, 1832, P. L. 190, provides for the appointment of an auditor and for the application of the fund to any liens or incumbrances on such real estate affecting the interests of the parties. In such distribution a judgment creditor of an heir is entitled to payment before distribution of the fund. The jurisdiction of the orphans' court was invoked by the heirs and the fund produced by their action is in the hands of the court. That court has exclusive jurisdiction over the question of disbursement, with power to decide all questions necessary to a proper distribution: Kittera's Est., 17 Pa. 416; Ashford v. Ewing, 25 Pa. 213; Lucas's App., 53 Pa. 404; Steel's App., 86 Pa. 222; Dickinson's Est., 148 Pa. 142. Its jurisdiction will be exercised in such a manner as to dispose of every question embraced within the case and to afford complete relief to all the parties in interest: Shollenberger's App., 21 Pa. 337.

The decree is affirmed.