## Dworzcak v. Metropolitan Life Insurance Company

*Thomas J. Foley* and *John A. Morano*, for plaintiff.

*Warren, Hill, Henkelman & McMenamin*, for defendant.

ROBINSON, J., December 28, 1955.—Defendant life insurance company filed preliminary objections to a complaint in equity alleging that the pleading fails to state a cause of action. In the action plaintiff seeks to regain upon purely equitable principles certain moneys paid as premiums on a policy of life insurance issued by defendant.

The complaint alleges that on August 7, 1933, defendant executed and delivered a policy of insurance on the life of one Michael S. Malczenski in the amount of $981; that in March 1936 the policy lapsed for non-payment of premiums; that the insured and an agent of defendant then sought plaintiff's aid in reviving the policy and to payment of future premiums, promising plaintiff reimbursement to be secured by an as-

signment of the policy; that on April 6, 1936, plaintiff paid the premiums due and owing and thereby revived the insurance, and with the knowledge, consent and approval of defendant continued to pay the premiums; that plaintiff paid on the policy weekly premiums of $.45 for 18 years making a total of $421.20; that the insured died and defendant proposes to pay the entire proceeds of the policy to his estate. Plaintiff seeks to recover here only those moneys paid by her as premiums on the policy. It appears from the briefs that the policy is in the possession of plaintiff.

Defendant's basic contention is that because the policy of insurance is payable to the insured's executor, administrator, relative or a person appearing to defendant to be equitably entitled and expressly prohibits an assignment, plaintiff has no interest in the policy and cannot maintain an action on it. While we agree that plaintiff can have no standing in a suit on the policy, it does not follow that she may not pursue the relief here sought. It is, of course, axiomatic that the allegations of a complaint on preliminary objections are to be taken as true.

The present action is not founded upon the policy and plaintiff has not declared upon it. In the instant case she is seeking only the return of those moneys paid by her to revive the policy and continue it in force. Plaintiff's case does not depend upon the contract; her case is pleaded upon the theory of restitution.

Restitution, although it has not until recent years been used as a form of action, has grown in usage until it is well established as a basis for relief in equity. An entire volume has been devoted to the subject by the American Law Institute under that title. Section 1 of the Restatement, Restitution, provides: "A person who has been unjustly enriched at the ex-

pense of another is required to make restitution to the other."

Plaintiff here simply asks for a restoration of the moneys paid at the request of the insured and defendant's agent to keep the policy in effect. As the arrangement under the allegation went on for a period of 18 years it is apparent that defendant company was a party to it. Plaintiff seeks to recover only what she is out of pocket on the theory that to pay the entire proceeds of the policy under its terms to the estate, or another, would work an unjust enrichment. We agree that payment of the entire proceeds of the policy under the circumstances would unjustly enrich the payee.

Restitution on the theory of unjust enrichment has been allowed in our Pennsylvania courts in many instances: Hickman's Estate, 40 Pa. Superior Ct. 244; Lauffer v. Vial, 153 Pa. Superior Ct. 342; Pulaski Building & Loan Assn. v. Provident Trust Co., 338 Pa. 198; Gladowski v. Felczak, 346 Pa. 660; Binns v. First National Bank of California, Pa., 367 Pa. 359; Pennsylvania Company, etc., v. Philadelphia Title Insurance Co., 372 Pa. 259.

Section 161 of the Restatement, Restitution, provides: "Where property of one person can by a proceeding in equity be reached by another as security for a claim on the ground that otherwise the former would be unjustly enriched, an equitable lien arises."

Properly understood the purpose of the instant complaint is to secure an equitable lien on the policy or the proceeds thereof to the extent of restitution that plaintiff is entitled to for the premium advancements which kept the insurance in effect. To that end it states a cause of action and requires a responsive answer.

Now, December 28, 1955, the preliminary objections to the complaint are overruled and defendant is allowed 20 days to file an answer. Exceptions for defendant.