Fannie Cole Chard, complainant-appellant,

*v.*

Benjamin A. Chard, defendant-appellee.

[Submitted February 19th, 1929. Decided May 20th, 1929.]

*Mr. James Mercer Davis,* for the complainant-appellant.

*Messrs. Powell & Erickson,* for the defendant-appellee.

The opinion of the court was delivered by

McGlennon, J.

Complainant and defendant were married on June 16th, 1922, and defendant procured a divorce, on July 1st, 1924, from complainant on the ground of desertion. Shortly after the marriage, defendant bought a lot at Bridgeton, and later on erected a bungalow home thereon. It was conceded, by both parties, that all the money expended in the purchase of the lot, and the erection of the bungalow, was the money of the defendant. Title was placed in the name of the husband and wife, creating an estate by the entirety. It is admitted that the decree of divorce, under the law of this state, worked a severance of their interests, and created a tenancy in common in the premises.

Complainant filed this bill for a partition of these premises, and an answer and counter-claim was filed, charging that complainant by deceit and willful and fraudulent misrepre-

sentations induced defendant to cause the said building lot to be conveyed to the defendant and complainant as tenants in the entirety, and thereby deprived this defendant of property and money which he had saved from his earnings, and that complainant never contributed anything of value toward the payment of the lot or the building erected thereon. The counter-claim prays, that the conveyance be declared void, and a reconveyance to defendant be ordered, or in case of a partition of the land, that there may be a severance between the building as the sole property of defendant, and the land upon which it is erected.

Much testimony was admitted by the trial court, showing disputes between the husband and wife, from the beginning, respecting money and property arrangements. Continuous nagging and persistent importunity on the part of the wife, to secure title to the house, resulted in her favor, and defendant had the deed made out in the name of complainant and defendant. Shortly thereafter, a complete break occurred, and the wife refused to live with her husband, and he later procured a divorce. .

At the conclusion of the trial, the court announced that the complainant was entitled to a partition of the land, but that under the facts as established, it would be inequitable to decree that she had any interest in the building, and signed a decree to that effect. This appeal deals only with the refusal of the court to include the building improvements in the partition.

Our examination of the facts and the law lead us to the conclusion that there was error in the decision of the court below, and that the partition should include both land and the improvements thereon.

This court has frequently approved the doctrine, as stated in *Hood* v. *Hood, 83 N. J. Eq. 695,* namely:

"The rule in this state is well settled that where a husband procures real estate to be conveyed to his wife, he paying the consideration, a presumption arises that he intends to settle the property on her, and while such presumption may be rebutted, the proof offered to accomplish it must be certain,

reliable and convincing, leaving no reasonable doubt of the intention of the parties."

. The *Hood Case* also held that the improvements upon real property follow the title, citing therein *Selover* v. *Selover, 62 N. J. Eq. 761.*

The case in hand is far from the requirement of proof sufficient to avoid the conveyance here sought to be set aside. The case of *Black* v. *Black,* (cited by appellee), *30 N. J. Eq. 215,* is not pertinent, and dealt with an alleged gift from a wife to her husband, and it was reversed in this court, without opinion, in *31 N. J. Eq. 798.* Nor is there any proof as to an express understanding between the parties, to contravert the title, or show an intent to sever land and buildings.

Subsequent divorce or marital misconduct does not alter the foregoing rule. *Lister* v. *Lister, 35 N. J. Eq. 49;* affirmed, *37 N. J. Eq. 331; Buttlar* v. *Buttlar, 67 N. J. Eq. 136;* affirmed, *Ibid. 729; Neubeck* v. *Neubeck, 94 N. J. Eq. 167.*

Furthermore, a careful reading of the testimony fails to disclose anything amounting to proof of any fraud or misrepresentation, inducing the making of this conveyance to husband and wife which would warrant setting it aside.

We conclude, therefore, that the decree appealed from should be reversed, to the end that a decree for partition be entered in the usual form, and the suit proceed in due course.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.