The complainant and the defendant, who were wife and husband, became seized, as tenants by the entirety, of a house and lot in Lyndhurst in 1927, and there they made their home until 1941, when they established separate residences and rented the property. Late that year, complainant obtained a divorce from defendant. *Page 106 
A master has reported an account between the parties and the case is before me on the defendant's exceptions. The purchase price of the property was $2,800, none of which was paid by the defendant. Complainant paid $1,000 out of her separate estate at the time of the conveyance and the balance was secured by mortgages on which both parties were equally liable and which were later paid by complainant. She also paid a municipal assessment for a local improvement, $280, and from year to year the taxes and small items for repairs totaling $2,212. The master charged the defendant with half of these sums, or $2,646. This is the charge to which the defendant objects.
Let us first consider the payment of $1,000 on the purchase of the property. Where a woman pays money, part of the principal of her separate estate, to her husband, there is no presumption that she intends to give him the money, any more than a gift is inferred from a third person who in like manner deposits money with him. Stickney v. Stickney, 131 U.S. 227; 9 S.Ct. 677;Adoue v. Spencer, 62 N.J. Eq. 782; Elmer v. Trenton Trust,c., Co., 76 N.J. Eq. 452. But that is not the situation here. Complainant herself spent her own money to buy land and had title put in the name of her husband and herself. I do not know that she actually attended to the transaction; her husband likely did it for her. But her money was used at her desire for this particular purpose. "An appropriation by a wife herself of her separate property to the use and benefit of her husband, in the absence of an agreement to repay, or any circumstances from which such an agreement can be inferred, will not create the relation of debtor or creditor nor render the husband liable to account."Black v. Black, 30 N.J. Eq. 215. And no trust in the land results. Vigne v. Vigne, 98 N.J. Eq. 274. The transaction was a gift by complainant to her husband, of title as tenant by the entirety.
But complainant urges that it was a gift on condition or expectation that she could enjoy the property as the family home during the joint lives of herself and defendant; that she has been disappointed in this expectation by his misconduct which led to the divorce. She relies on a dictum in *Page 107 Black v. Black, supra. In that case, the wife has used her funds to improve property of her husband, their home. After they separated, she sued for a return of the money. Vice-Chancellor Van Fleet, without citing any authorities, said, "If it be true that he has causelessly driven her from his home and compelled her to seek safety in flight, I think his conduct exhibits a case of grievous wrong which calls loudly for redress, and which this court, in the exercise of its undoubted power, is bound to give." He found, however, against the wife on the facts. While thisdictum has been referred to in a number of cases, I find none in which it has been applied. Knickerbocker Trust Co. v.Carhart, 71 N.J. Eq. 495; Gifford v. Gifford, 93 N.J. Eq. 299;Chard v. Chard, 104 N.J. Eq. 443. The last of these cases weakens greatly this feature of the Black Case. The law is well established that a gift by a husband to his wife, valid and effective when made, cannot be avoided for her subsequent misconduct. Warren v. Warren, 88 N.J. Eq. 612; Lister v.Lister, 35 N.J. Eq. 49; 37 N.J. Eq. 331. I see no reason why a different rule should apply to a gift by the wife. But complainant does not attack defendant's title; instead she seeks to charge him with the amount she paid for the subject-matter of the gift. I know of no principle of equity to support her demand. She cannot now charge her former husband with half the purchase price.
The payment by the wife of the mortgages and improvement assessment stands on a different basis from the initial payment of the purchase price. Where husband and wife own property as tenants by the entirety, their respective rights, as between themselves while the marital relation exists, are those of tenants in common. O'Connell v. O'Connell, 93 N.J. Eq. 603;Neubeck v. Neubeck, 94 N.J. Eq. 167. A tenant in common who discharges a lien upon the common property, has a right of contribution from his co-tenants. Lach v. Weber, 123 N.J. Eq. 303.
This rule applies as between husband and wife. Nobile v.Bartletta, 109 N.J. Eq. 119. Complainant was not a mere volunteer, since the discharge of the liens protected her own title in the common property.
The payment of taxes and repairs is in still a third category. *Page 108 
While the taxes were liens, or would become so if not paid promptly, they were part of the current household expenses. Complainant urges that it is the duty of a husband to support his wife and this, of course, is true within the limit of his means. But often the wife, as well as her husband, wishes to live on a scale of expense which they can afford only because she contributes from her own income. A wife is not entitled to reimbursement from her husband for her contributions toward the payment of ordinary current family expenses in the absence of an agreement for reimbursement. "It would be disastrous to marital felicity where the parties have maintained a plan of living for both and in which the husband has acquiesced, where such expense has been voluntarily assumed and freely borne by the wife, to require the husband, after the lapse of years, to account to the wife for such expenditures so made by her." Spaulding v.Spaulding (Ill.), 198 N.E. Rep. 136, 631; 101 A.L.R. 433,and Annotations at p. 442. See, also, Knickerbocker Trust Co.
v. Carhart, 71 N.J. Eq. 495 (at p. 505).
The charge against defendant of $1,040, being one-half the liens paid, is approved. The exceptions to the other items are sustained.