Hunt et vir, Appellants, *v.* Mestrezat.

416

Submitted March 24, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Anthony Cavalcante* and *Thomas H. Hudson, Jr.,* for appellants.

*W. F. Lane* and *Whitehill & Lane,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 11, 1949:

The question raised by this appeal is whether a co-owner of real estate, and his wife, acquire, as tenants by the entireties a *fee simple* title to real estate by a

deed from the County Commissioners in a tax sale, or whether such title is held by the husband and wife *in trust* for all co-owners.

Mary E. Hunt and her husband, Edward K. Hunt (appellants), petitioned the common pleas court of Fayette County for a citation against Mary M. Mestrezat (appellee) to recover possession of real estate under the Act of April 20, 1905, P. L. 239, as amended, 12 PS, 2571 et seq. An answer was filed and issue joined. A stipulation in the form of a case stated was presented in lieu of evidence and a hearing had. The real estate here involved had been owned by Mary Ann Hunt, a widow, who died intestate, leaving to survive as her only heirs three children: Edward K. Hunt (an appellant), Mary M. Mestrezat (appellee), Josephine D. Mitchell, and eleven grandchildren, children of two deceased sons. Mary M. Mestrezat, a daughter (appellee), is in possession. The County Treasurer sold the premises to the County Commissioners because of delinquency in payment of taxes. Mary E. Hunt, wife of Edward K. Hunt (an heir), made a written offer to purchase the real estate which was accepted by the Commissioners. The amount of the bid was paid by her. The Commissioners deeded the premises to "Edward K. Hunt and Mary E. Hunt, his wife" (appellants). The court decreed that the citation should be dismissed because the appellants held title *in trust* for all the heirs as tenants in common. This appeal followed.

The learned court below made the proper decree. The heirs, under existing statutes, retained the right to redeem the land so sold for taxes during the period while title still remained in the political subdivision: *Moeller v. Washington County et al.*, 352 Pa. 640, 643, 44 A. 2d 252; *Indiana County Petition*, 360 Pa. 244, 250, 62 A. 2d 3; *Levick v. North Versailles Township et al.*, 360 Pa. 510, 62 A. 2d 758. Had Edward K. Hunt (being one of the heirs) redeemed the real estate during this period, it

would have inured to the benefit of *all* the heirs: *Raker et al. v. G. C. Murphy Company,* 358 Pa. 339, 58 A. 2d 18; *Faust et al. v. Heckler,* 359 Pa. 19, 58 A. 2d 147; *Lagges Estate,* 361 Pa. 205, 64 A. 2d 832.

Appellants contend, however, that because the *wife* of the heir made the *bid* in her individual name and *paid the consideration,* the deed from the County Commissioners *to the heir and his wife as tenants by the entireties,* was a transfer *in fee* to them, clear of all trusts in favor of the other heirs. With this we do not agree.

Edward K. Hunt was one of the heirs and therefore a co-owner. Consequently his wife possessed a property right in the land, viz., an inchoate right of statutory dower in her husband's share. Such an interest, it is true, is not an estate, title or interest *in the land itself,* but is a contingent claim, right or expectancy which will ripen into an estate in case the husband dies first. Such right is a thing of value which the courts, under appropriate circumstances, will protect: *Briegel v. Briegel et al.,* 307 Pa. 93, 160 A. 581. Possessing such a contingent interest, a *wife of an heir,* may not purchase for her *exclusive* ownership, an adverse title to *all* of the heirs, in which land her husband is a co-owner. The fact that the *wife's* money was used to make the purchase is not controlling. In creating an estate by the entireties it is immaterial who pays the consideration: *Gallagher Estate,* 352 Pa. 476, 478, 43 A. 2d 132. See also: *Use of United States National Bank v. Penrod et al.,* 354 Pa. 170, 47 A. 2d 249. The husband (a co-owner) is one of the tenants by the entireties. The title so taken is adverse to all co-owners and therefore must be held to be in trust for all.

While apparently the question has not been squarely decided in Pennsylvania, other states have held that the purchase by the spouse of one cotenant inures to the benefit of all cotenants despite statutes (as in Pennsylvania) which emancipate married women from com-

mon-law disabilities on account of coverture. The basis for these decisions is that the spouse takes title *with knowledge* of the facts which makes the purchase fraudulent as against the other co-owners. This result does not depend on the unity of estate between husband and wife, but upon principles of sound public policy. See cases cited in 54 A. L. R. 879; 153 A. L. R. 681.

Decree affirmed at cost of appellants.