Alcorn *v.* Alcorn, Appellant, et al.

Argued January 13, 1950. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*Rames J. Bucci,* with him *Bucci & Bucci,* for appellant.

*Thomas Boylan,* with him *Harry Donnelly,* for appellee.

OPINION BY Mr. Justice DREW, March 20, 1950:

Although Robert Alcorn and his wife, Elly, lived harmoniously together for years and shared their assets, great bitterness and discord eventually developed and resulted in a divorce in April 1948. Alcorn immediately filed a bill in equity seeking an accounting of certain assets which he alleged his wife had wrongfully taken. Mrs. Alcorn countered by filing a similar bill. Those two bills were consolidated and an auditor appointed. Exceptions to the auditor's report were dismissed and the final decree, from which Mrs. Alcorn appeals, was entered ordering distribution in accordance with that report.

The Alcorns were married in 1934 and lived with her foster father until his death in 1938. He left all of his property, consisting of a licensed tavern at 1301 West Moyamensing Avenue, Philadelphia, and certain investments, to her. She conveyed the tavern and business to her husband and herself as tenants by entireties and opened a joint bank account in the. name of "Robert

Alcorn or Elly K. Alcorn". From time to time additional funds were deposited in or withdrawn from that account by both parties. A safe deposit box was also obtained in joint names and government bonds, likewise in joint names, were placed in that box as they were acquired. In addition, $2,000 which was drawn from the joint account was placed in that box by Alcorn. On May 11, 1946, Mrs. Alcorn withdrew $5000 from the account and used that money and $1950 of the money in the safe deposit box to open a new account in her own name. On May 15, 1946, she cashed the government bonds, then valued at $8929, and deposited those proceeds in her new account.

The Alcorns continued to live in the same house until after the divorce was obtained on April 9, 1948, although obviously grounds for divorce existed at a much earlier date. Mrs. Alcorn, on July 5, 1948, removed all of the furniture from that house with the exception of a few pieces which had little or no value. She also removed an automobile, title to which was in his name.

The auditor established January 1, 1947, as the date from which the accounting should begin and concluded that the bank account, bonds, profits from the tavern and the furniture were property held by the entireties and included them in the accounting but eliminated the automobile as being the sole property of Alcorn. In the absence of evidence of the value of the furniture the auditor fixed it at $500. He further concluded that each was entitled to one-half of the entireties property less adjustments for such property as each had converted to his or her own use. The conclusions of the auditor were adopted by the learned court below.

Several of Mrs. Alcorn's complaints result from her own failure to establish sufficient facts to support her position. Specifically, she contends that the date of separation was May 1, 1946, and Alcorn should have

been made to account for profits from the taproom business from that date on, rather than from January 1, 1947; that the auditor arbitrarily evaluated the furniture she took at $500 but did not place any value on the furniture she left for plaintiff; and that the auditor did not include the automobile in the accounting.

The record shows an obvious lack of evidence on all of these points. The auditor being well aware of that lack wrote to counsel for both parties requesting further evidence prior to submitting his report to the court. Counsel for Mrs. Alcorn did not in any way acknowledge that letter. Consequently, the auditor had no alternative but to rationalize such testimony as there was and reach an equitable compromise. The record being in this state, the auditor acted wisely. If either party had objection to the date selected, the value of the furniture or the disposition of the automobile, he or she could have presented additional evidence to the auditor or the court below. In the absence of such evidence, the auditor correctly gave the automobile to Alcorn, the record title holder, and acted well within his discretion in setting the date and determining the net value of the furniture.

Mrs. Alcorn also argues that neither the $5000 withdrawn from the joint account and deposited in her own account, nor the bonds which she cashed, should be treated as entireties property and divided one-half to each. It is her contention that, since the account and the bonds were in the name of husband *or* wife and not husband *and* wife, no tenancy by entireties was created.

We have repeatedly held that the use of "or" with the consequent right of either spouse to withdraw the funds, nonetheless creates a tenancy by entireties: *Geist et al. v. Robinson,* 332 Pa. 44, 1 A. 2d 153; *Wilbur Tr. Co. v. Knadler et al.,* 322 Pa. 17, 185 A. 319; *Sloan's Estate,* 254 Pa. 346, 98 A. 966. Nor is it relevant that Mrs. Alcorn contributed most of the money to that ac-

count. Under Section 3 of the Act of May 10, 1927, P. L. 884 [1], the interest of each spouse subsequent to a divorce is one-half regardless of who made the deposits: *Blumner v. Metropolitan Life Ins. Co. et al.,* 362 Pa. 7, 66 A. 2d 245. Mrs. Alcorn had no right to use the property held by the entireties for her own separate purposes and having done so she is required to account therefor: *Werle v. Werle,* 332 Pa. 49, 1 A. 2d 244; *Berhalter v. Berhalter,* 315 Pa. 225, 173 A. 172.

Her other contentions need not be set forth in detail here since they are adequately answered by the rules of law stated above. The auditor and the court below, showing great patience, gave both parties ample opportunity to present their evidence. As said by Judge CRUMLISH: "The matter under consideration was so involved and the parties so constantly at daggers' ends, that it was necessary for the court to take hold and conserve the assets." From the facts thus presented, the accounting which was decreed was correct.

Decree affirmed; costs to be paid by Mrs. Alcorn.

---

[1] Section 3 provides: "In any case where a husband and wife shall hereafter acquire property as tenants by entireties, and shall be divorced, the interest of each of the respective tenants by entireties, subsequent to said divorce, shall be conclusively deemed to be one-half of the value of the property. . . ."