Collins *v.* Wilkinson, Appellant.

Argued October 6, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Robert W. Stefl,* with him *Samuel D. Braemer,* for appellant.

*James P. McArdle,* with him *Maxwell E. Lizza,* for appellee.

OPINION BY MR. JUSTICE LADNER, November 20, 1950:

This is an appeal from a judgment for the plaintiffs on the pleadings in an action of ejectment. The facts are not in dispute and the question is one of law.

The plaintiff, Edith Mae Collins (appellee here) and Jesse Wilkinson who were husband and wife at the time, acquired title as tenants by the entireties to a house and lot in Connellsville by deed dated July 19, 1928. Later, March 10, 1938, they were divorced and subsequently both married again. The husband married Sylvia E. Wilkinson, who is the defendant.

In 1933 the property in question was sold at Treasurer's Sale for nonpayment of taxes amounting to $44.55 to the County Commissioners who held title until May 20, 1943, when they sold it to Jesse Wilkinson, the former husband of the plaintiff, for the sum of $135.00. Later he died leaving the defendant surviving him. She was in possession of the property claiming title as the widow and heir of the decedent. Edith Mae Collins, the former wife, claimed title as surviving tenant by entireties and instituted ejectment proceedings.

The court held that the purchase of the property by Wilkinson in his life time was but a redemption of the property and therefore inured to the benefit of both Wilkinson and his former wife whose interest as tenant by the entirety under the law as it then stood continued despite the divorce. As survivor therefore the title to the whole property became vested in her. The decision of the court was correct.

The learned counsel for appellant argues that the Treasurer's Sale operated to divest the title of both decedent and his former wife, thereby destroying the former estate by entireties. That when decedent reacquired the property they were no longer husband and wife hence no new estate by entireties could be created.

The fault in this reasoning lies in the supposition that plaintiff relies on a newly created estate by entireties. She does not. The tax sale did not wholly destroy the former estate for right of redemption remained—a right that persisted as long as the title remained in the county. This is clearly pointed out by Mr. Justice ALLEN M. STEARNE in *Hunt v. Mestrezat,* 361 Pa. 415, 65 A. 2d 389 (1949), which rules this case and holds that the purchase from the county commissioners of title acquired by them at Treasurer's Sale by a former co-tenant is a redemption and the title bought by one co-owner inures to the benefit of all under the well settled principle which can hardly be questioned at this late date, citing *Raker v. G. C. Murphy Co.,* 358 Pa. 339, 58 A. 2d 18; *Faust v. Heckler,* 359 Pa. 19, 58 A. 2d 147; *Lagges Estate,* 361 Pa. 205, 64 A. 2d 832.

There remains but to be said the divorce did not destroy the estate by entireties under the law applicable to this case: *Alles v. Lyon,* 216 Pa. 604, 66 A. 81 (1907). Partition could have been compelled under the Act of May 10, 1927, P.L. 884, 68 P.S. 501, but if such action was not instituted the entireties estate continued: *Lazare v. Lazare,* 365 Pa. 591, 76 A. 2d 190, though now by the amendment of May 17, 1949, P.L. 1394, 68 P.S. 501, as to property acquired after September 1, 1949, the divorce operates automatically to convert an entireties estate into a tenancy in common. It follows therefore the court below was right in entering judgment in favor of the plaintiff, the surviving tenant by entireties.

Judgment affirmed.