## Emerick v. Emerick

*Shaver & Heckman,* for plaintiff.
*Henry G. Gress,* for defendant.

LANSBERRY, P. J., May 31, 1951.—In this proceeding for the sale of personal and real property owned as an estate by the entireties and distribution of the proceeds thereof subsequent to a decree in divorce, we have for disposition the exceptions filed to the auditor's report and proposed distribution.

The complainant wife in the divorce action, being the plaintiff in this proceeding under the Act of May 10, 1927, P. L. 884, as amended, 68 PS §501, and her husband, this defendant, agreed that certain items of personal property were owned by them as tenants by the entireties and were to be sold; however, at the time of the sale, numerous items included in the agreement for various reasons immaterial here were not publicly sold; as to most of those items testimony was introduced at the hearing conducted by the auditor as to the value thereof for the specific purpose of establishing the amounts due the respective parties for those unsold items. On the basis of all of the relevant testimony the auditor fixed a value of these items, which valuation is the subject of the one exception.

We have carefully examined the testimony of all of the witnesses, as well as the parties, relating to these items not sold and otherwise disposed of, and we agree

with the auditor's finding of fact no. 7 and the corresponding conclusion of law no. 3 fixing the value thereof at $3,150. This procedure is supported by Alcorn v. Alcorn, 364 Pa. 375.

The other exception filed on behalf of Pearl V. Emerick, mother of defendant, arises out of the following facts: When the Somerset Rural Electric Coöperative established its service line in the vicinity of the farm of these parties, this plaintiff made application for membership therein on April 4, 1946, at which time the parties were living together; the husband did not sign the membership application at that time; the parties last lived together on December 10, 1947, when plaintiff wife removed from the farm; during the month of May following, defendant signed an application for membership in the coöperative and on May 14, 1948, Elwood M. Emerick executed and delivered his judgment note to Pearl V. Emerick in the amount of $430.31, to secure the loan of money advanced by her for wiring the farm buildings, thereby enabling defendant, who alone resided on the farm, to obtain and use electrical current; judgment was entered on the note June 3, 1948; this plaintiff did not execute that note nor did she in any way personally share the benefits thereof; the parties were divorced in April of 1949; at the auditor's hearing Pearl V. Emerick presented her claim seeking payment of the judgment out of the proceeds of the sale of the real estate prior to division and distribution thereof. The auditor's refusal of that claim as contended is the basis of the second exception which was reviewed and overruled by the auditor and is now renewed here. We agree with the auditor's conclusion of law refusing the claim out of the proceeds of the real estate prior to distribution.

The argument is presented that since both parties here made application for current, notwithstanding at

different times, an estoppel by conduct prevents their denial of this judgment out of the real estate sale proceeds and that this is particularly true here because the electrification of the buildings enhanced the value of the farm and resulted in a sale price twice what it would have been had the buildings not been wired for electric current. The rule of estoppel by conduct, more frequently referred to as equitable estoppel, is that where one by his acts, declarations or silence, where it is his duty to speak, has induced another person, in reliance on such acts or declarations, to enter into a transaction, he shall not, to the prejudice of the person so misled, impeach the transaction. Considered in its most general sense, estoppel by conduct is said to have its basis or foundation in fraud; moreover, the one who relied on an estoppel, must have altered his position injuriously to himself. Obviously, there is no estoppel here and the auditor was warranted in so finding and concluding.

The statute itself directs in clear and unequivocal language the distribution of the proceeds of the sale, as follows, sec. 3:

". . . The proceeds of any sale had under the provisions of this act, after the payment of the expenses thereof, shall be equally divided between the tenants by entireties, subject, however, to the deduction therefrom of the amount of any lien entered of record JOINTLY against both of the respective tenants by entireties, together with any interest due thereon and docket costs, which shall be paid by the trustee appointed by the court to make sale of such property to the person or persons to whom the same is due and payable; and the amount of any liens entered of record against either of such tenants by entireties, together with interest due and costs taxed thereon, shall be deducted from the share of the tenant by entireties against whom such lien is filed, and paid by such trus-

tee to the person or persons to whom the same is due and payable. . . ."

It is now clear that an estate by the entireties is not available to the creditors of either of the individual tenants so long as that estate exists: Eastern Acceptance Corporation v. Gold et vir, 60 D. & C. 95 (1947) ; C. I. T. Corporation v. Flint et al., 333 Pa. 350; the note and judgment entered thereon was not an obligation of this plaintiff wife and it could not be a lien on the real estate owned by the parties as an estate by the entireties nor could it become a lien on the proceeds of the sale of that real estate prior to a division thereof as provided by the act of assembly. The auditor in his findings and conclusions followed precisely the act of assembly, as well as the principles of law governing estates by the entireties.

In the proposed distribution the auditor awarded the cash balance due defendant to his mother as partial payment on the judgment entered by her against him notwithstanding the decree in divorce had not been recorded as provided in the act, saying: "That the ends of justice can be best served by awarding the balance of $204.55 to the first lien of Pearl V. Emerick." No exception was taken to this portion of the report or proposed distribution and we shall not therefore disturb the report as to that item.

### Order

Now, May 31, 1951, for the reasons herein set forth the exceptions to the auditor's report are overruled, and the report and proposed distribution are confirmed and distribution as proposed by the auditor, less the additional costs in the prothonotary's office, is directed to be made.