## Holup v. Holup et al.

*Stephen E. Gombar*, for plaintiff.

*Martin J. Kushmerick*, for defendants.

EAGEN, J., December 17, 1952.—This is a motion for judgment upon the pleadings in an action to quiet title.

The facts are set forth in a previous opinion filed in this case as of October 24, 1952. The legal question raised is whether or not a sale of realty by the county commissioners with the approval of the court under

the provisions of the Act of May 21, 1937, P. L. 787, as amended, 72 PS §5878(*a*) et seq., of land bought in at tax sale, to one of several former record owners or cotenants inures to the benefit of all such owners. We are all of the one mind that it does.

It is clearly the law in Pennsylvania that where real property is purchased at a tax sale by any political subdivision, any person having the right to redeem the property retains such right so long as the title remains in the political subdivision. Where one of several cotenants of realty so sold for taxes redeems it during such period, he does so for the benefit of all cotenants. The purchasing cotenant acquires no greater interest in the property than held before, except the added right and claim against the other cotenants for reimbursement. Under such circumstances, it is presumed that the one acts for all: Hunt et vir v. Mestrezat, 361 Pa. 415.

Plaintiff's counsel ingeniously argues that under the provisions of the Act of 1937, supra, the court may direct in the present instance, that the county convey complete title to one of the former record owners to the exclusion of all other tenants in common. We do not agree that this is so despite the language of the statute involved.

Within our knowledge, no case has specifically ruled upon the legal effect of such a conveyance under the Act of 1937 and its amendments. However, considering the history of and the reason for the rule and the extent to which the Pennsylvania appellate courts have gone in protecting the relationship existing among cotenants, we believe that one cotenant cannot even, under the Act of 1937, purchase the land and hold adversely against his fellow owners.

Therefore, December 17, 1952, judgment in favor of defendant Anna Holup Gavala is entered upon the pleadings.