25 N.J. Super. 494 (1953)
96 A.2d 693
MYRA WATSON RAYHER, PLAINTIFF-RESPONDENT,
v.
EDWARD RAYHER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 24, 1953.
Decided May 12, 1953.
*496 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Franklin D. Trueblood, of the Illinois Bar, argued the cause for the respondent (Messrs. McCarter, English & Studer, attorneys; Mr. Nicholas Conover English, of counsel).
Mr. Francis V.D. Lloyd argued the cause for the appellant (Messrs. Morrison, Lloyd & Griggs, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
The decree, which is before us on defendant's appeal, adjudges that the defendant holds in trust for the plaintiff, who is his former wife, whatever interest he may have in the real estate known as 198 Elm Avenue, Teaneck; and orders him forthwith to convey to her all his right, title and interest therein. The plaintiff does not assert an express trust that can be proved in the manner required by the statute of frauds; there is no evidence of a constructive trust based on fraud. The question is whether there is a resulting trust. The basic facts are undisputed.
The parties were married April 2, 1945. The groom was an impecunious school teacher, while the bride had assets worth a few thousand dollars, and her mother, Mrs. Watson, enjoyed a comfortable estate. Mrs. Watson planned to give her daughter a house in Oak Park, Illinois, as a wedding *497 gift. But, at the groom's suggestion and at the bride's request and urging, she deeded the property to them both and not to her daughter alone. The deed bears date three weeks after the wedding. The grantees never occupied this house but made their home on Long Island. Early in 1947 they found a house that they liked and wished to buy  the property in Teaneck which is the subject of the decree. Plaintiff reported this to her mother, who agreed to advance the purchase money, or the greater part of it, as a loan to be secured by the Oak Park house.
The purchase price of the Elm Avenue premises was $10,800, which was paid by checks drawn on a joint bank account of Mr. and Mrs. Rayher  $100 on March 20, 1947, $1,000 on April 1, and the balance, $9,700, May 5, upon delivery of the deed. The first two payments were made out of the proceeds of a mortgage which plaintiff owned, the large final payment came out of the loan of $9,800 made by Mrs. Watson by check to the order of her daughter, and deposited by the latter in the joint account April 3, 1950. Mrs. Watson was soon repaid $8,000 out of the proceeds of sale of the Oak Park property, and several hundred dollars that came probably from plaintiff's separate estate. The balance of the debt she forgave as a gift to plaintiff.
The contract for the Teaneck property was executed by both defendant and plaintiff as purchasers, and the deed ran to them as man and wife, so that they became seized as tenants by the entirety.
After living a couple of years in Teaneck, plaintiff went to Chicago to be with her mother. There she instituted suit for divorce and obtained her final decree January 2, 1950.
Respondent devotes much of her argument to the law of gifts; to the rule that donative intent is an essential element of a gift, and to analysis of the proof leading to a conclusion that Mrs. Watson did not intend to make a gift to her son-in-law of any interest in the Oak Park property. But the evidence shows beyond cavil that Mrs. Watson intentionally and not by mistake executed and delivered the deed which conveyed the whole title, legal and equitable, to "Myra *498 Watson Rayher and Edward Rayher, her husband." The grantor expected to receive no consideration from either of them and in fact received none.
Under the law of Illinois, where title to property is taken jointly by husband and wife, their legal interest is equal and their equitable interest is presumed also to be equal. The equality may be upset by proof of an express trust, or a constructive trust, or a resulting trust. A resulting trust arises at the moment legal title vests in the man and his wife, or never arises at all. A resulting trust is not based on agreement but is raised by the law itself upon the facts proved. The evidence required to overcome the presumption of equality and to establish a resulting trust must be clear and convincing. Indeed, it has been said where parol evidence alone is relied upon to prove the trust, it must be convincing beyond a reasonable doubt. The circumstance that one spouse paid the greater part of the consideration for the property, is not enough to disturb the equality of interest of the two parties. Partridge v. Berliner, 325 Ill. 253, 156 N.E. 352 (Sup. Ct. 1927); Anderson v. Anderson, 339 Ill. 400, 171 N.E. 504 (Sup. Ct. 1930); Walker v. Walker, 369 Ill. 627, 17 N.E.2d 567 (Sup. Ct. 1938); Nickoloff v. Nickoloff, 384 Ill. 377, 51 N.E.2d 565 (Sup. Ct. 1943). All this is familiar doctrine to the New Jersey lawyer, for our law is substantially the same in this respect to that of Illinois.
We have no hesitancy in determining that by Mrs. Watson's deed the plaintiff and defendant each became vested with an interest in the land equal to that of the other. The strong presumption of equality which springs from the form of the deed is not rebutted by any evidence of facts which could raise a trust in favor of one as against the other.
The plaintiff's whole argument that she holds the entire equitable title to the Teaneck property is based on the premise that she paid all of the purchase price. This alleged fact she rests in turn on the theory that she was the sole owner of the house in Illinois from which was derived $8,000 of the Teaneck purchase price. The argument falls with her *499 failure to prove sole title to the Oak Park property. But even if she had established sole title to the latter and that she paid the entire purchase price for the house and lot in Teaneck, we are convinced that her attempt to establish that defendant holds in trust for her cannot succeed.
Upon the execution of a contract calling for a conveyance to man and wife, they become equal owners of an equitable estate by entireties, even though the husband has agreed to pay the whole purchase price. Oscsenda v. Oscsenda, 2 N.J. Super. 353 (Ch. Div. 1949); Hall v. Hall, 11 N.J. Super. 97 (App. Div. 1951). And upon delivery of the deed running to them as husband and wife, they become tenants by the entirety, both at law and in equity, although the wife pays the consideration. Pieretti v. Seigling, 134 N.J. Eq. 105 (Ch. 1943). Or the husband pays it. Rosecrans v. Rosecrans, 99 N.J. Eq. 176 (Ch. 1926), affirmed 109 N.J. Eq. 137 (E. & A. 1931). It is generally considered immaterial that one spouse, be it the wife or the husband, pays all or the greater part of the purchase price for land conveyed to them both. No resulting trust arises from the payment. 41 C.J.S., Husband and Wife, § 31(d); 26 Am. Jur., Husband and Wife, § 73; Baird v. Baird, 232 P.2d 348; (Mon. Sup. Ct. 1951); Hoover v. Haller, 146 Neb. 697, 21 N.W.2d 450 (Neb. Sup. Ct. 1946); Hiles v. Fisher, 144 N.Y. 306, 39 N.E. 337 (N.Y. Ct. App. 1895); Carpenter v. Carpenter, 153 Or. 584, 56 P.2d 305, 57 P.2d. 1098, 58 P.2d 507; 105 A.L.R. 386 (Sup. Ct. 1936); Hunt v. Mestrezat, 361 Pa. 415, 65 A.2d 389 (Sup. Ct. 1949).
The plaintiff cites Van Inwegen v. Van Inwegen, 4 N.J. 46 (1950), where it was held that money advanced by a wife to her husband from her separate estate, is presumably a loan and not a gift. But in the case before us, plaintiff advanced no funds to her husband. She testified that it was she who paid to the vendor the purchase price for the conveyance to herself and her husband. She made the payment and the deed was delivered and received pursuant to a contract that she had willingly signed. The distinction between *500 the two types of transaction is pointed out in Pieretti v. Seigling, supra.
No evidence was presented by the plaintiff concerning the acquisition of the property except to show that she paid the purchase price. Beyond that, there is no proof whatever of facts from which a resulting trust might arise. The parties have each identical interests in the land. Upon divorce, each became seized of an equal undivided one-half interest in the premises which they had held as tenants by the entirety. Baker v. Kennerup, 102 N.J. Eq. 367 (Ch. 1928).
The judgment must be reversed.