## Davis v. Davis

*Howard W. Lyon*, for plaintiff.

*Alvah M. Shumaker*, for defendant.

*Ronald E. Jones*, for intervenor.

BRAHAM, P. J., March 15, 1954.—Plaintiff and defendant were formerly husband and wife; they are now divorced. The case was instituted on February 24, 1953, to secure division of the proceeds of the sale of a piece of real estate which was owned as tenants by the entireties by the parties during their marriage. At the hearing defendant, the former wife, claimed more than one-half of the prior proceeds because her money had bought the property. This contention we were obliged to reject holding rather that, under the Act of May 10, 1927, P. L. 884, as amended by the Act of May 17, 1949, sec. 1394, 68 PS §501, the proceeds must be divided equally regardless of who bought the property. The opinion is reported in 12 Lawrence Law Journal 161.

While this proceeding was pending, to wit, on May 23, 1953, Ruby Martin filed a petition to intervene. A rule was granted which was made absolute on June 1, 1953. On June 2, 1953, Ruby Martin filed her complaint. On October 16, 1954, plaintiff filed preliminary objections to her complaint, alleging the objections to be matters of jurisdiction. No complaint is made as to the time of filing the objections. The gist of the objections is a demurrer on the ground that proceedings under the Act of 1927 as amended inure to the benefit of the former husband and wife only and that a third party many not intervene even if he has a valid cause of action against either or both of the former spouses.

The demurrer admits all the well-pleaded allegations of Ruby Martin's complaint. From this source it appears that plaintiff began rooming and boarding

with her in September of 1952 and continued until he owed her as of May 15, 1953, the sum of $1,413.46. At some point, the exact time not being stated, plaintiff was in jail and to induce Ruby Martin to help him he promised that if she would advance the costs of this suit he would assign to her $1,500 of the amount due him from the sale of the property owned by plaintiff and defendant. She advanced the costs of suit and claims to be the owner of plaintiff's claim against the fund to the extent of $1,500.

The net fund for distribution is only $1,315.19. Is Ruby Martin entitled to receive the share of plaintiff, Calvin E. Davis? Intervention has been allowed and hence no discussion of that subject is required.

Ruby Martin, now a party, claims an assignment of the chose in action created for plaintiff by the Act of 1927. The defense asserted, namely, that this type of chose in action is not assignable under the terms of the statute, prompts some brief consideration of the subject of the assignability of choses in action generally.

At common law choses in action were not assignable: 4 Am. Jur. 246, §22. Certain influences, among them the example of law merchant and practice of courts of equity in allowing assignments of choses, particularly those ex contractu, gradually brought about a relaxation of the rule: Idem., §§22, 23. It is said that under the equitable doctrine enforcement rests in the sound discretion of the chancellor: Idem., §23; Pierce v. McKeehan, 3 Pa. 136; Nesmith v. Drum, 8 W. & S. 9.

Under modern law assignability of choses in action is the rule rather than the exception: 4 Am. Jur. 248, §§24, 26. Nevertheless there are certain categories of choses in action as to which the law does not recognize an assignment or recognizes it only under careful regulation. Assignments of interests in lands without a writing, which are forbidden by the statute of frauds

(33 PS §243), assignments of the interest of expectant heirs which are not assignable at law and assignable in equity only when good conscience requires it (Norris' Estate, 329 Pa. 483) are examples which come to mind.

In the case at bar the interest of tenants by the entireties prior to the Act of 1927 was a tenancy terminable only by death: Collins v. Wilkinson, 366 Pa. 108. The act allows dissolution of the tenancy by sale and division of the proceeds but if the parties do not avail themselves of the procedure afforded by the act they do not become tenants in common but joint tenants with the right of survivorship: Lazare v. Lazare, 365 Pa. 591. Under the act division of the proceeds of sale is made equally between divorced husband and wife: Alcorn v. Alcorn et al., 364 Pa. 375. The procedure prescribed by the act must be followed: Blumner v. Metropolitan Life Insurance Company et al., 362 Pa. 7. The act must be strictly construed: Lazare v. Lazare; Alcorn v. Alcorn; Blumner v. Metropolitan Life Insurance Company et al.

Section 3 of the act as amended (68 PS §503) provides for distribution as follows:

"The proceeds of any sale had under the provisions of this act, after the payment of the expenses thereof, shall be equally divided between the parties, subject, however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the respective parties, together with any interest due thereon and docket costs, which shall be paid by the trustee appointed by the court to make sale of such property to the person or persons to whom the same is due and payable; and the amount of any liens entered of record against either of such parties, together with interest due and costs taxed thereon, shall be deducted from the share of the party against whom such lien is filed, and paid by such trustee to the

person or persons to whom the same is due and payable."

This language discloses the legislative intent to limit distribution to the parties or their lien creditors. It is idle to argue that a claim such as that of the intervenor can be heard on general principles regardless of the statute. This would involve two inquiries: First, what amount is due Calvin E. Davis, and second, whether he made an oral assignment of his claim to Ruby Martin. This the statute forbids. When the legislature limited distribution to the parties or lien creditors of one or both of them, it required the liquidation of their claims to be done outside the procedure under the Act of 1927. Thus if Mrs. Martin had proceeded in 1952 to reduce her claim to judgment it would have been a lien and entitled to share. Since it is not a lien it is not entitled to share.

It is sufficient for the court that it is commanded by the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58(8), 46 PS §558(8) to construe strictly all provisions of statutes enacted prior to the act which are in derogation of the common law. This directive and the decisions of the Supreme Court above cited require a strict construction of the statute. The result is the more acceptable when we remember the distrust with which assignments, particularly oral assignments, of choses in action have always been received in the law. Suffice it to say at this time that the claim of the intervening claimant may not be received. Entertaining these views, we make the following

### Order

Now, March 15, 1954, the demurrer to the claim of the intervenor, which demurrer was filed October 16, 1953, is sustained, the claim of Ruby Martin is rejected and the trustees are directed to distribute the balance due plaintiff, Calvin E. Davis, to him. The costs are placed upon the fund.