## Sterner v. Sterner

*Leo A. Achterman* and *Floyd Heller*, for plaintiff.
*Elmer D. Christine* and *Walter Olenick*, for defendant.

DAVIS, P. J., December 29, 1955.—The pleadings in this action consist of complaint in equity, preliminary objections and defendant's answer.

The complaint avers that plaintiff and defendant became seized of certain real estate described by metes and bounds, situate in Tobyhanna Township, Monroe County, in 1936, as tenants by the entireties, that subsequently, on September 8, 1952, the parties were divorced by decree entered in Lehigh County, and prays for the appointment of a trustee to make sale of the property and divide the proceeds in accordance with the laws of the Commonwealth and account for rents and profits from September 8, 1952. Defendant admits the above mentioned facts and defends on the ground of undue hardship. In due course the cause came on for hearing and subsequently the parties filed requests for findings of fact and conclusions of law.

The issues are: (1) Whether or not plaintiff is entitled to have the property sold and proceeds distributed; (2) whether or not plaintiff is entitled to an accounting of rents and profits from date of divorce.

Plaintiff also averred that a judgment had been obtained by plaintiff against defendant prior to entry

of decree in divorce, and prays for satisfaction thereof out of defendant's share of the proceeds. Proof of this averment was not made at the hearing and need not be considered at this stage of the proceeding.

## Findings of Fact

1. Plaintiff, Elsie P. Sterner, resides at 500 Linden Street, Bethlehem, Northampton County.

2. Defendant, Paul F. Sterner, resides at Pocono Pines, Tobyhanna Township, Monroe County.

3. Plaintiff and defendant acquired as tenants by the entireties, by deed from Helen S. Sterner and Laban Sterner, her husband, dated May 15, 1936, and recorded in the Recorder's Office at Stroudsburg, Pennsylvania, in Deed Book volume 124, page 219, the following described real estate:

"ALL THAT CERTAIN messuage, tenement, tract and lot of land, situate in the Township of Tobyhanna, County of Monroe, Commonwealth of Pennsylvania, bounded and described as follows:

"BEGINNING at a point in the private road leading northwardly from the Pocono State Road, said point being North seventy-one degrees forty minutes (71° 41') West seventy-five (75) feet from an iron pin, the southeasterly corner of lands recently conveyed by Doney to James Martin, thence through the said private road, north two hundred forty-two (242) feet to a point in line between lands of grantor, Haas, Kline and Adams, being also the northwesterly corner of the Martin lot hereinabove referred to; thence south seventy-five degrees forty minutes (75° 40') west seventy-five (75) feet to a post in line of lands of Samuel Smith; thence by lands of said Samuel Smith two hundred two (202) feet to a post in the northerly line of the said State Road, north seventy-one degrees forty minutes (71° 40') east seventy-five (75) feet to the place of beginning.

"Grantees covenant: strip eight (8) feet wide extending along the easterly side for the entire depth shall be, together with the westerly ten (10) feet of Martin lands, open for private roadway for Sterners, James Martin and James E. Doney, their heirs and assigns."

4. Plaintiff, Elsie P. Sterner, was granted a decree in divorce from defendant, Paul F. Sterner, by the Court of Common Pleas of Lehigh County, on September 8, 1952.

5. The purchase price for the above property was from funds of defendant.

6. Improvements on the above real estate consist of a two-story frame summer bungalow 22 x 24 feet, containing a living room, dining room and kitchen on the first floor, and four bedrooms and bathroom on the second floor. The first floor of the property was winterized by defendant sometime subsequent to September 8, 1952.

7. The property has a fair market value of $4,500.

8. The property has a rental value of $20 or $25 per month.

9. Defendant has exclusively occupied and used the property since September 8, 1952, as his residence and office.

10. Defendant has not denied plaintiff joint use of the property since September 8, 1952.

11. There are few properties available for purchase or rental suitable for use as a doctor's office in Pocono Pines.

12. Defendant is a general practitioner of medicine, having been so engaged for 35 years and has been so engaged in that practice continuously in Pocono Pines since 1951.

13. Defendant is the only licensed doctor with offices in Pocono Pines and the nearest available doctor

to the people in Pocono Pines is four miles distant, at Pocono Lake.

14. Defendant is 62 years old and is suffering from a sinus condition.

15. Defendant's reputation as a capable physician in the Pocono Pines area is good.

16. Defendant is actively engaged in the civil defense program in Pocono Pines.

## Discussion

The Act of May 10, 1927, P. L. 884, sec. 1, 68 PS §501, provides that whenever any husband or wife hereafter acquiring property as tenants by entireties, shall be divorced, either party may bring suit in equity in the county where the real estate is situate, against the other to have the property sold and proceeds divided between them. Section 2 of said Act, 68 PS §502, provides: "If satisfied that the relief asked for is proper, the court of common pleas, sitting in equity, shall order a trustee to be appointed by the court to make public sale of said property."

Counsel for the parties have cited no judicial interpretation of the meaning of the words "if satisfied that the relief asked for is proper." The Supreme Court in Blumner v. Metropolitan Life Insurance Company et al., 362 Pa. 7, held that the fact that one of the tenants by entireties paid all of the consideration for the property is not a defense. Therefore, it is not a balancing of the financial equities between the parties. It cannot mean that the court shall examine the proceedings and determine if the requirements of the statute have been followed because that is the duty of the court in all cases regardless of specific statutory requirement. In our opinion it simply means that the court of common pleas sitting in equity will apply the old and well established equitable principles or axioms. If the appointment of a trustee would offend in this

respect then a court would be justified in refusing to make the appointment.

The defense in this case is hardship. We can envision circumstances under which the forced sale of a property would shock the conscience of the chancellor due to the hardship engendered thereby. Under such circumstances in our opinion the court would be justified in refusing to act. But the facts in this case do not warrant such a conclusion. Defendant is a competent, busy and apparently successful doctor, 62 years of age. Although not many, there are other properties in the community, both for sale and for rental, that would be suitable for a doctor's quarters. And further, we would not assume that defendant, a competent physician, as shown by the testimony, would be unable to protect his interest when the property involved is exposed to public sale. We conclude that a trustee should be appointed as prayed for.

Title to the property remained in the parties as tenants by entireties after the divorce: Lazare v. Lazare, 365 Pa. 591; Collins v. Wilkinson, 366 Pa. 108. Defendant has not denied plaintiff use of the property consonant with her rights as a tenant by entireties. In our opinion plaintiff is not entitled to an accounting of rents and profits under these circumstances. No authority has been cited that would sustain an accounting under these facts.

### Conclusions of Law

1. The parties to this action while husband and wife acquired real estate situate in Monroe County as tenants by entireties in the year 1936.

2. Since the acquisition of said property, the parties have been legally divorced.

3. Plaintiff, Elsie P. Sterner, is entitled to have a trustee appointed to make sale of the property and

distribute the proceeds according to law as prayed for in her petition.

4. Plaintiff, Elsie P. Sterner, is not entitled to an accounting of rents and profits.

### Decree

And now, December 29, 1955, it is ordered, adjudged and decreed:

1. That a trustee be appointed by the court to make public sale of the property in these proceedings fully described as provided by law.

2. A request for accounting of rents and profits is denied.

3. That the costs be paid out of the proceeds realized from the sale of the property herein involved.

The prothonotary is directed to give prompt notice hereof to the parties and unless exceptions thereto are filed within 20 days after notice of the filing of this adjudication, this decree nisi shall be entered as of course by the prothonotary as the final decree.