## Green Estate

*Morton S. Klaus* and *E. C. Shapley Highley*, for accountants.

*Spiegel & Highley*, by *E. C. Shapley Highley*, for claimant.

*Isadore Kranzel*, for City of Philadelphia and School District of Philadelphia.

BOLGER, J., April 11, 1958.—Decedent died July 13, 1955. He was survived by his spouse, Leona W. Green, who elected to take against the will, and by three children, Maier Green, Binnie Sue Green and Richard Stephen Green.

Letters testamentary were granted to the accountants on August 4, 1955; proof of publication of the grant of same was submitted and is annexed.

The family exemption was claimed by the widow and payment is reflected in the account.

Payments of transfer inheritance tax were duly vouched as follows: $9,373.20 and $50 on June 11, 1956, and $314.16 on November 7, 1956.

By the terms of his will dated May 21, 1953, a copy of which is annexed, testator directed that his entire residuary estate be divided into two trusts, one to be known as the marital and the other as the residuary trust. He directed that income from the marital trust be paid to his wife, Leona, for life, and that principal be distributed as she might appoint by will, and in default of the exercise of this power that principal remaining at her death become part of the residuary trust. Upon the death of his wife, he directed that principal is to be divided into as many equal shares as there may be children of his living and issue of a deceased child. Income from each trust is to be paid or accumulated until said child shall attain age 21; principal to be paid at age 30 and should any child die before attaining age 30, principal is to be distributed to his issue per stirpes and should there be no issue surviving, principal is to be distributed to the intestate heirs of testator as though he had then died.

He appointed Leona W. Green, Jacob Green and William Rudenko, Esq., executors and trustees.

Leona W. Green survives. Maier Green apparently has attained age 21. Binnie Sue Green and Richard

Stephen Green are minors and reside with their mother, Leona W. Green.

At the audit, Leona W. Green claimed $5,390.14 plus interest of $53.90 received from the Director of Internal Revenue because of an overpayment on 1955 Federal income taxes paid on prior income of decedent and Leona W. Green. The payments were made prior to the death of this decedent. A stipulation of counsel has been filed and supplemented in which it is agreed that a joint declaration of estimated income tax was filed for the year 1955 by Louis Green and his wife and two quarterly payments in the amount of $1,500 were paid by Louis Green, decedent. It is further agreed that during his lifetime there was withheld from his salary as officer and employe of a corporation $9,210, making total payments of $10,710. Following the death of decedent it was ascertained that income taxes were overpaid in the amount of $5,319.86, whereupon a refund of that amount plus interest of $53.90 was received from the district director.

The stipulation further agrees that the separate tax liability of decedent and Leona W. Green for the taxable period based upon income received by each individually is as follows: By Louis Green or his estate, $5,311.35, and by Leona W. Green, $8.51. The stipulation differs from the statement of proposed distribution in that Leona W. Green as survivor claims one half of the refund instead of the entire amount.

In a memorandum of law submitted in behalf of the estate, Ruling 56-290, I. R. B. 1956-26, page 63, it is provided that the amount of tax attributable to a decedent shall be "that proportion of the joint tax liability determined for the period covered by the joint return which the amount of income tax for which the decedent would have been liable if he had filed a separate return for that period bears to the total amount of income tax for which the decedent and his spouse would

have been liable if both spouses had filed separate returns for that period."

It is stated in a separate memorandum, citing 1957 C. C. H. Vol. 4, Par. 5408.014, that if the husband and wife agree to a particular division of a refund and submit a written request, separate checks in the agreed upon amounts may be issued, but in the absence of such an agreement a refund check is made payable to both jointly and the matter of the respective rights in the refund is left to State law.

Counsel has stated they are unable to find any case not only in Pennsylvania, but in other jurisdictions which decides the respective rights of the executor of the deceased taxpayer and the surviving spouse.

The refund represented liquidation of a chose in action which, during the lifetime of decedent and his wife, was held by them as tenants by the entireties. Such a tenancy arises whenever an estate vests in two persons, they being, when it so vests, husband and wife. It may exist in personal as well as real property in a chose in action as well as in a chose in possession: Madden v. Gosztonyi Savings and Trust Company, 331 Pa. 476. That the largest part of the money applied in payment of the estimated tax belonged to decedent is immaterial: Blumner v. Metropolitan Life, 362 Pa. 7; Gallagher Estate, 352 Pa. 476: Use of United States National Bank v. Penrod, 354 Pa. 170; Hunt v. Mestrezat, 361 Pa. 415.

It is not necessary that the interest in the chose in action shall by any expression of intention be designated as an estate by the entireties. In fact, ownership by a husband and wife will always be considered as an estate by the entireties unless there is an express intention to the contrary; McEwen Estate, 348 Pa. 23; Northampton Brewery Corp. v. Lande, 138 Pa. Superior Ct. 235.

Once an estate by the entireties has been created, the incident of survivorship must be recognized and enforced upon the death of either spouse.

Upon the death of Louis Green, any possible interest he might have had in the refund passed to his wife. It has now been reduced to possession and belongs entirely to her. I, therefore, find that the refund of Federal income tax in discharge of the joint liability of decedent and his wife and included in the account is the property of Leona W. Green, the surviving spouse.

There was no objection to the account which shows a balance of principal of personal estate of $437,158.13 which, composed as indicated, subject to payments on account of distribution heretofore properly made as shown therein, and also subject to payment to Leona W. Green as surviving spouse of the sum of $5,444.04 is awarded one third to Leona W. Green and the remaining two-thirds, subject to payment of such personal property taxes as may be assessed and found due to the City of Philadelphia and the School District of Philadelphia, is awarded to Leona W. Green, Jacob Green and William B. Rudenko in trust for the benefit of Maier Green, Binnie Sue Green and Richard Stephen Green, and for the uses and purposes set forth in the will.

Leave is hereby given the accountants to make all necessary transfers and assignments.

Counsel will prepare a schedule of distribution in duplicate, which shall be filed with the auditing judge within 90 days after the absolute confirmation of this account which, when approved and annexed hereto, will form part hereof.

A certificate of the official examiner as to his examination of the assets composing the fund awarded to be retained in trust will be submitted to me.

600

And now, April 11, 1958, the account is confirmed nisi.