## McDanel v. McDanel

*Richard A. Leuthold,* for plaintiff.

*H. Robert Hampson,* for defendant.

WOLFE, P. J., January 8, 1974.—For disposition is defendant's motion to discharge the master appoint-

ed to resolve the property rights of the parties subsequent to their divorce.

On January 27, 1970, a petition for appointment of a master to determine the property rights between the parties, both real and personal, was filed, and Joseph A. Massa, Jr., Esq., was appointed to hear and determine all property rights between the parties. This petition was presented pursuant to the provisions of section 15 of the Divorce Law of May 2, 1929, P. L. 1237, as amended, 23 PS §15, and the appointment directed the master to consider partition of the parties' property, including accounting seg. leg. On May 8, 1972, the master filed his report to which exceptions were taken and said exceptions were heard and disposed of by the court.

The reasons requesting the master's discharge at this point are that defendant has commenced an action in equity against plaintiff for partition of real and personal property to May term, 1973, no. 103, A. D., which requests other equitable relief and alleges that the appointment of a master was based on a defective petition in that there was no compliance with the Act of May 10, 1927, P. L. 884, as amended, 68 PS §501, et seq., as to the parties' real property and that there was no compliance with the Act of April 27, 1927, P. L. 460, no. 294, as amended, 12 PS §1791, as to the parties' personal property.

Defendant's fear and argument is that a sale by the master of the parties' real estate would be defective in that the master's appointment was based on a request (petition) which does not conform to the Act of May 10, 1927, P. L. 884.

Defendant has presented no cases to support this motion or to lead the court to a logical conclusion that the Divorce Law permitting the several courts of common pleas, at their discretion, to consolidate and

hear in one proceeding all property rights of the parties in an action in divorce, is, in any way, in conflict with the Act of May 10, 1927, P. L. 884, as amended May 17, 1949, P. L. 1394. We are of the opinion that these two acts are complementary. Prior to September 1, 1949, when husband and wife acquired real estate as tenants by the entireties and were subsequently divorced, partition was necessary to divide their respective interests in the realty which necessitated the commencement of an independent action in partition: Collins v. Wilkinson, 366 Pa. 108 (1950). The Act of May 17, 1949 negated the necessity of a partition action and declared, as a matter of law, that:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them."

There is nothing in the language of either the Divorce Law or the Act of May 10, 1927, P. L. 884, as amended May 17, 1949, that would in any way indicate the latter act is exclusive. The latter act merely declares the status of the title between divorced owners, and the Divorce Law is procedural in that it permits consolidation and determination in one action, if the parties so elect to proceed, of their respective rights in all of their property: Evans v. Evans, 29 D. & C. 2d 435 (1963).

On August 9, 1972, pursuant to the appointment of the master and approval of his report, the court ordered, adjudged and decreed that the parties are the owners jointly, each having an undivided one-half interest as tenants in common in and to certain realty

known as 489 Follett Run Road, Conewango Township, and enumerated personal property. This order places the parties in a position to proceed in conformity with the Pennsylvania Rules of Civil Procedure for partition of realty, Rule 1558, et seq.

Defendant's action against plaintiff at May term, 1973, no. 103, A. D., involves the same parties and subject matter existing between them in litigation at May term, 1969, no. 21, A. D. We find no necessity to stay the law proceedings and certify the proceedings to equity as there exists a full, complete and adequate remedy at law. The complaint and requested relief in equity is no more than a reiteration and duplication of the proceedings heretofore commenced on the law side of the court.

For these reasons, we enter the following:

### ORDER

And now, January 8, 1974, the motion to discharge the master is denied.