## Alles v. Lyon, Appellant.

*Husband and wife—Tenants by entirety—Municipal lien.*

Where a husband and wife are registered owners by entireties of a lot in a city, and a municipal lien is filed against the wife alone, upon which judgment is entered against her only, the lien as to the husband is a nullity and a sale thereunder passes no title. In such a case if the wife buys at the sale, she buys nothing that she did not have before, her own right of survivorship.

*Husband and wife—Tenancy by entireties—Divorce.*

Where a husband and wife hold an estate as tenants by entireties, and they are subsequently divorced, the divorce does not change the tenancy by entireties into a tenancy in common.

*Husband and wife—Tenancy by entireties—Divorce—Ejectment—Rule to bring ejectment.*

Where a husband and wife holding an estate by entireties, are divorced, the wife is not entitled as against the husband to a rule to bring ejectment, and if the court allows the rule, the failure of the husband to appear and answer is immaterial, because the face of the record already answered the requirements of the rule by showing "cause why the ejectment cannot be so brought."

Argued Oct. 30, 1906. Appeal, No. 130, Oct. T., 1906, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1905, No. 944, for plaintiff on case stated in suit of Louisa Alles, formerly Louisa Reis, v. David A. Lyon. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Case stated to determine the marketable title to real estate. Before SHAFER, J.

From the record it appeared that the plaintiff, Louisa Alles, was divorced from John P. Reis. Reis and the plaintiff held the land in question as tenants by entireties. Plaintiff claimed that after the divorce she bought the land in at a sale under a

municipal lien, and that she had a full fee simple title covering the entire interest in the land.    Other facts appear by the opinion of the Supreme Court.

The court entered judgment for plaintiff for $1,775.    Defendant appealed.

*Error assigned* was in entering judgment for plaintiff.

*John W. Thomas,* for appellant.—John P. Reis, one of the tenants by entireties, was neither named in nor served with the scire facias upon which the judgment was founded, and, therefore, his interest in, or title to, the land was not divested and the sale was void and passed no title : Simons v. Kern, 92 Pa. 455 ; Ferguson v. Quinn, 123 Pa. 337 ; O'Byrne v. Philadelphia, 93 Pa. 225.

The divorce did not affect the title of the parties : O'Donnell v. Powell, 53 Pitts. Legal Jour. 255 ; Lewis's App., 85 Mich. 340 (48 N. W. Repr. 580) ; Stuckey v. Keefe, 26 Pa. 397.

The act of 1889 did not apply, and the court was without jurisdiction : Morgan's App., 110 Pa. 271.

*W. H. Lemon,* for appellee.—After divorce the parties were tenants in common : Nelson on Divorce, sec. 1025 ; Donegan v. Donegan, 103 Ala. 488 (15 So. Repr. 823) ; Bramberry's Est., 156 Pa. 628 ; Redemptorist Fathers v. Lawler, 205 Pa. 24.

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 7, 1907 :

It appears by the case stated that the husband and wife were registered owners by entireties of the lot in question when the municipal lien was filed against the wife alone.    Judgment on it was entered against her only, and though the levari facias avers that it is issued " with notice to John P. Reis " (the husband), yet, as said by the learned judge below, it does not appear that any such notice was given.    As against the husband, therefore, the lien was a nullity, and the sale under it passed no title : Simons v. Kern, 92 Pa. 455 ; Ferguson v. Quinn, 123 Pa. 337.

There is no question involved about attacking a judgment collaterally, as the record shows the want of jurisdiction in the court to render such judgment.

When, therefore, the wife bought at the sale she bought nothing that she did not have before, her own right of survivorship. But even if the whole title had been divested by the sale she would have bought under an obligation as trustee for her husband as cotenant, and could not have ousted him in that way. She therefore acquired nothing as against him by the sale.

Coming now to the main question in the case, we are of opinion that the court below erred in holding that the estate by entireties was severed by the subsequent divorce of the husband and wife.

The subject is very bare of authorities. The law as to divorce prevented this question from arising in the earlier English cases, and in the few cases reported in this country the decisions, all more or less affected by statutes, are at variance, with no clear preponderance in either way. Lewis's Appeal, 85 Mich. 340, may be regarded as the best discussion in favor of the view that the nature of the estate is not changed, and Ames v. Norman, 36 Tenn. 683, as the best on the other side.

The question has not previously come before this court, and we are left to decide it on general principles.

An estate by entireties is one held by husband and wife by virtue of title acquired by them jointly after marriage. Being regarded as one person in law they take not in parts or shares, like joint tenants or tenants in common, but each takes the whole, or in the ancient phrase they are seized, not per mie et per tout, but per tout only. Incident to this estate as to joint tenancy is the right of survivorship, with this difference, that on the death of husband or wife the survivor takes no new title or estate; he or she is in possession of the whole from its inception. It was early held that our act of March 31, 1812, 5 Sm. L. 395, abolishing survivorship in joint tenancy, did not affect estates by entireties: Robb v. Beaver, 8 W. & S. 107 (111); and the same view has been taken of the married women's Acts of April 11, 1848, P. L. 536, and later: Diver v. Diver, 56 Pa. 106; Bramberry's Est., 156 Pa. 628.

The general subject of estates by entireties is learnedly discussed by Lewis, C. J., in Stuckey v. Keefe's Exrs., 26 Pa. 397, our leading case. It was there held that a conveyance to husband and wife, their heirs and assigns, "as tenants in

common and not as joint tenants" created an estate by en-
tireties, and the opinion was strongly expressed that the estate
arose by virtue of "a rule of law founded on the rights and
incapacities of the matrimonial union" and therefore that the
intention was immaterial. No subsequent case has gone so
far, and in Merritt v. Whitlock, 200 Pa. 50, it was said that it
may be considered as still an open question whether husband
and wife may not, since the married women's property acts,
take as well as hold in common if that be the clear actual
intent, notwithstanding the presumption to the contrary.

The argument for the change by divorce from an estate by
entireties to a tenancy in common rests on the assumption that
as the basis of the estate is the unity of person, a severance
of that unity carries with it a severance of the estate; that as
after divorce an estate by entireties could not be created
between the parties it cannot be continued. But this view
fails to give due weight to the rule that the quality of the
estate is determined at its inception. It arises not out of unity
of person alone, but out of unity of person at the time of the
grant. "If an estate be made to a man and woman and their
heires, before marriage, and after (wards) they marry, the hus-
band and wife have moities between them:" Coke Litt. 187b;
and see 2 Cruise's Digest, 494 and 2 Plowden, 483, cited in
Stuckey v. Keefe's Exrs., 26 Pa. 397. No stronger illustration
could be given. If subsequent unity of person cannot change
a tenancy in common to one by entireties, e converso a subse-
quent severance of the unity of person ought not to change a
tenancy by entireties to one in common. In entire accordance
is our latest case, Hetzel v. Lincoln, 216 Pa. 60, where a con-
veyance to husband and wife "jointly" was held to create an
estate by entireties which continued with its incident of survi-
vorship, although the husband had conveyed his interest to the
wife as "the undivided one half" and they had subsequently
executed a mortgage in which the conveyance by the husband
was referred to. A creditor had obtained a judgment against
the husband and after his death sought to revive it against his
administrator, with notice to the wife as terre-tenant, on the
ground that they had become tenants in common, but it was
held that he could take nothing. "Whatever may have been
the intention of the husband" said our Brother BROWN, "the

right of the wife was fixed by the deed from Reed. By it each held an entirety and upon the death of either the estate would vest absolutely in the other as the survivor. The husband conveyed nothing to the wife that she would not have enjoyed if she survived him, which she did." The decisions and the statutes, referred to antea, go to show that in regard to the nature and qualities of an estate by entireties the general rule of law applies that they are determined at the inception of the estate.

In the present case, therefore, the parties took an estate by entireties at the time of the grant. By it the husband took a vested estate to which was incident a right of survivorship. That estate could not be divested, or stripped of any of its incidents except by express statutory provision existing at the time of its inception. The divorce severed the unity of person for the future but it could not avail retrospectively to sever the vested unity of title and possession.

The learned court below gave much weight to the judgment of rule absolute to bring ejectment. But the rule was a nullity. By the terms of the statute it was a rule to bring ejectment or " show cause why the same cannot be so brought." The petition for the rule disclosed that the parties held by entireties, and that the petitioner had no other or better title than the husband upon whom the rule was asked. Without regard to actual occupation the husband was in legal possession, and could not bring ejectment against his cotenant : Martin v. Jackson, 27 Pa. 504 ; and the court could not make a vain order requiring him to do what the law determined he could not do. The petitioner's occupation could not be adverse, because no matter how long continued it was in entire accordance with her husband's title as well as her own. The act of 1889 is an act to facilitate the settlement of disputed or disputable claims to land. But it was not intended to overturn the settled principles of law. As the petition showed that the rule asked for, even if granted, would have to be discharged the rule should not have been granted. Ordinarily questions of title await the return of the rule for disposition : Titus v. Bindley, 210 Pa. 121 ; Fearl v. Johnstown, 216 Pa. 205. But in the present case that was unnecessary and the default provided for in the statute, the failure to appear and answer, was

immaterial, because the face of the record already answered the requirement of the rule by showing " cause why the eject-ment cannot be so brought."

Judgment reversed and judgment directed to be entered for defendant.