## Futer v. Futer.

*Robert Ruppin,* for rule; *Guy K. Bard,* contra.

LANDIS, P. J., April 13, 1929.—The plaintiff's statement sets forth that she and the defendant are husband and wife, they having been married on Jan. 6, 1927; that on March 30, 1927, they became seized by entireties of certain real estate situated in the Township of Manheim, in this county; that they lived together until Oct. 25, 1927, when the defendant, by cruel and barbarous treatment and indignities, drove the plaintiff from their joint home; that since that time they have not cohabited together; that on Jan. 1, 1928, the defendant leased the said premises to Walter Steiger for six months, and the tenant remained on the same and paid the rent to the defendant. She, therefore, claims that she is entitled to recover in this suit the sum of $105, with interest.

The affidavit of defense avers that, while living amicably with the plaintiff, upon his coming home from his work he found the plaintiff had left their home and taken with her everything except his clothing; that when they purchased the property they gave the vendor a joint mortgage and bond for $3500; that he collected only $175 from Walter Steiger, and out of this he paid $69.90 for plumbing and papering done to the house, and the balance was paid to the mortgagee.

In 2 Blackstone's Comm., 182, it is said: "If an estate in fee be given to a man and his wife, they are neither properly joint tenants nor tenants in common, for husband and wife being considered as one person in law, they cannot take the estate by moieties, but both are seized of the entirety, *per tout et non per my;* the consequence of which is that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor." Likewise, in 21 Cyc., 1195, it is said: "At common law, owing to the doctrine of identity of husband and wife, a conveyance or devise of lands to them during coverture does not create a joint tenancy or a tenancy in common, which estates necessarily require more than one tenant, but such conveyance or devise creates an estate in entirety. This estate is confined to the relation of husband and wife and takes its name from the fact that neither spouse takes by shares, by moieties, but each is seized of the whole, or *per tout,* and not *per my,* or, in other words, of the entire estate." In Bramberry's Estate, 156 Pa. 628, Mr. Justice McCollum, delivering the opinion of the court, said: "A tenancy by entireties arises whenever an estate vests in two persons, they being, when it so vests, husband and wife. It may exist in personal as well as real property, in a chose in action as well as in a chose in possession. . . . The common law rule is that the words which in a conveyance to unmarried persons constitute a joint tenancy will create, if the grantees are husband and wife, a tenancy by entireties." It was held in Alles *v.* Lyon, 216 Pa. 604, and in other cases, that this tenancy was not

affected by either the Act of March 31, 1812, 5 Sm. Laws, 395, or by the Act of April 11, 1848, P. L. 536.

If this be true, it would seem to follow that the defendant had the right to lease and collect the rent for the joint property. In Fairchild v. Chastelleux, 1 Pa. 176, it was decided that the husband could maintain in his own name an action *quare clausum fregit* for cutting down and carrying away timber from the property held in entirety by husband and wife.

Does, then, an action lie on the part of the wife against her husband for half of the rent thus received? It may be assumed as correct that, under the common law, she could maintain no such action. If she can now do so, it must be by reason of some statutory enactment. The Act of May 1, 1913, P. L. 146, declared that "from and after the passage of this act, any wife who has been deserted, abandoned or driven from her home by her husband may sue her husband civilly in any court of this Commonwealth having the jurisdiction, upon any cause of action now existing or hereafter accruing, with like effect as if such wife were a *feme sole*, and in such case the wife shall be a competent witness against the husband. Provided, however, that nothing in this act contained shall be deemed to destroy the right of survivorship in any land heretofore or hereafter conveyed to such wife and husband jointly." It is clear that in this case this statute cannot be applied. The facts included in the affidavit of defense must be now assumed to be true, and as the defendant alleges that the plaintiff deserted him and he did not desert her, the necessary facts to make the above act effective are absent.

The question, however, as to their various rights is discussed at some length by Mr. Justice Simpson in O'Malley v. O'Malley, 272 Pa. 528. He there said: "Before the passage of the various statutes relating to the property of a married woman, a husband who held with his wife an estate by entireties had absolute control of it and its income exactly as if he were the owner in fee; he could alien it and the purchaser would obtain an estate for the life of the husband, and an absolute estate in remainder if the latter survived his wife. If waste was committed, he could sue in his own name and for his sole benefit . . . even though the effect of the waste was to render practically valueless the property which would be the wife's if she survived him. . . . This, however, was not an incident of the estate by entireties, but of the marital relation, and applied to the property of the wife whether owned in fee simple or otherwise. All this was changed, however, by these acts, and though the estate by entireties remained as theretofore . . . a purchaser of the husband's interest acquired no right of possession during the wife's life, either alone or with her. . . ." He then proceeded: "In view of those statutes (which were in force when the deed to plaintiff and defendant was made), who is entitled to the rent of a property held by entireties? Because of the unity of person and estate existing during marriage, either spouse may lease it and collect the rent; but this is so, not because the right to do it is an incident of the estate; on the contrary, it only flows from an incident thereof. While the marriage subsists, it is a matter of indifference which of the parties leases the property or which of them obtains the rents; presumptively, the moneys received will be expended for the benefit of both of them. The unity of the relation of the parties results in a unity of the estate; the leasing by either is for the benefit of them in that relation, and the rents paid to either is to him or her in that relation only."

Now, if this be true, has the one who collects the rents the right to pay out of them as received for proper repairs of the property out of which the rents spring? In the affidavit of defense, these facts are alleged, and if they can be

proven on the trial, it seems to me the defendant will present a proper defense. Or has such receiver the right to pay on account of interest on a mortgage given by them against the joint property if the same was so done in good faith? Is it possible that the one who receives the rents must divide with the wife or husband and pay for all the repairs and other expenses out of his or her own pocket? I think that proposition answers itself.

For these reasons, this rule for judgment is discharged.

Rule discharged.  From George Ross Eshleman, Lancaster, Pa.