Lazare *v.* Lazare, Appellant.

Argued October 10, 1950. Before Drew, C. J., Stern, Stearne, Jones, Ladner and Chidsey, JJ.

*John Duggan, Jr.,* with him *James F. Callahan,* for appellant.

*John B. Nicklas, Jr.,* with him *Henry S. Moore* and *McCrady & Nicklas,* for appellee.

Opinion by Mr. Chief Justice Drew, November 13, 1950:

This action in ejectment was instituted in the Court of Common Pleas of Allegheny County to gain possession of real property presently occupied by Helen Ris-

tick Lazare, defendant. From a judgment entered on the pleadings in favor of plaintiff Rose Bertha Lazare, defendant has brought this appeal.

Rose Bertha Lazare was the wife of Corneille Bart Lazare when the house, which is the subject matter of this action, was conveyed to her and her husband in June, 1940, as tenants by the entireties. In January, 1946, Lazare obtained an absolute divorce from plaintiff, and shortly thereafter married defendant who went to live with him in this house. On January 30, 1950, he died, leaving defendant in possession of the house which plaintiff now claims as surviving tenant by the entireties.

This appeal raises the question of the effect of the Act of May 10, 1927, P. L. 884, on plaintiff's right to possession of the property in contest. The common-law rule as recognized by this Court in *Alles v. Lyon*, 216 Pa. 604, 66 A. 81, has been that where a husband and wife hold an estate as tenants by entireties and they are subsequently divorced, the divorce does not change the estate into a tenancy in common. However, defendant contends that the Act of 1927 controls the instant case, and that Section 3 of the Act changes the common-law rule so that a tenancy in common in the property vests immediately in each party upon the effective date of their divorce, without any further action on their part.

Section 3 of the Act of 1927, supra, provides, inter alia: "In any case where a husband and wife shall hereafter acquire property as tenants by entireties, and shall be divorced, the interest of each of the respective tenants by entireties, subsequent to said divorce, shall be conclusively deemed to be one-half of the value of the property, and, to accomplish the provisions of this act, the common-law rule relating to entireties is hereby modified."

We are of the opinion that, in reasoning to her conclusion, defendant has given an unwarrantedly broad

interpretation to this language and too slight consideration to the purpose of the Act as set forth in its title.

The title of the Act of 1927, supra, states that it is an act "Modifying the common-law rule relating to property hereafter acquired by husband and wife as tenants by entireties, where such husband and wife are subsequently divorced; providing for the sale of property held by husband and wife as tenants by entireties where they have been divorced; and directing the distribution of the proceeds of such sale." At common law neither tenant holding property by the entireties had the right to petition a court of equity for a sale of the property: *Blumner v. Metropolitan Life Ins. Co.*, 362 Pa. 7, 66 A. 2d 245; *O'Malley v. O'Malley*, 272 Pa. 528, 116 A. 500; *Gasner v. Pierce*, 286 Pa. 529, 134 A. 494. We must therefore construe the Act of 1927 strictly, and shall recognize only such modifications of the law as the Act clearly and definitely prescribes: *Heaney v. Mauch Chunk Boro.*, 322 Pa. 487, 185 A. 732; *Davidson v. Bright*, 267 Pa. 580, 110 A. 301. It is to be noted that the legislature failed to declare in any section of the Act, as it did in the amending Act of May 17, 1949, P. L. 1394,[1] that tenants by the entireties, who are subsequently divorced, shall thereafter hold such property as tenants in common.[2] Upon an application of the rules of statutory construction therefore, it becomes clear from the express purpose of the Act, the

[1] The title of the Act of 1949, supra, reads: "An Act To amend the title and the act, approved the tenth day of May, one thousand nine hundred twenty-seven (Pamphlet Laws 884) . . . by providing for the creation of a tenancy in common upon divorce."

[2] Section 1 provides, inter alia: "Be it enacted, &c., That whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, [either of such tenants by entireties] they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas . . . to have the property sold and the proceeds divided between them."

language employed to carry out this purpose, and the change in the common law, on the very issue raised by defendant, effected by the amending Act of 1949, supra, that the legislature intended to modify the law only to the extent necessary to enable divorced parties, holding property by the entireties, to petition a court for a sale of the property and to give to each party an equitable share in the proceeds of such sale. Indeed, that very language of Section 3 upon which defendant bases her contention, viz. "shall be conclusively deemed to be one-half of the *value* of the property" (Italics added), further confirms this thought. For the interest so described, when strictly interpreted, is distinct from the concept of a proprietary interest in land. It is, rather, expressive of a monetary interest only and, as so interpreted, gives that part of Section 3, cited by defendant, a meaning at once consistent with the entire tenor of the Act and destructive of defendant's argument. It follows that, since the right to a one-half interest in the disputed property now claimed by defendant would not have vested in the deceased until such time as he or his former spouse had procured a sale of the property, plaintiff's right to an estate in fee, in the property held by the entireties, vested in her, as the survivor of the two tenants, upon the death of her former husband: *Rhodes's Estate*, 232 Pa. 489, 81 A. 643.

Defendant having failed to establish that, prior to the death of deceased, plaintiff was divested of her interest as a tenant by the entireties in the property now occupied by defendant, the learned court below properly entered judgment on the pleadings in favor of plaintiff as surviving tenant.

Judgment affirmed.