## Allen v. Allen

Samson B. Bernstein, for plaintiff.

CRUMLISH, J., October 24, 1956.—Does an action lie in equity between divorced spouses for an accounting of rents due on property held as tenants by the entireties during marriage?

This question arises in an equitable action by a divorced wife against her former spouse, for one half the rents and issues collected by defendant on premises which they had purchased in their joint names during their marriage. The parties were divorced on February 28, 1955, and plaintiff avers defendant has been in possession of the premises, 829 North Marshall Street, Philadelphia, since the divorce and has refused to render an account of the rents and issues received by him although plaintiff has demanded such an account.

Plaintiff started her suit by complaint in equity. Defendant, properly served with notice of the pending litigation failed to file an answer to the complaint within the alloted time. Plaintiff, therefore, ordered the prothonotary to enter judgment against defendant for failure to appear; this was done. Plaintiff is now before us with a petition for the entry of a decree granting the prayer of her complaint, providing, inter alia, that the parties be held to be tenants in common of premises 829 North Marshall Street, Philadelphia; that defendant file an account within 20 days, showing all receipts and expenditures arising out of the premises; pay to plaintiff one half of the net rentals or other income, less necessary expenses; declare defendant a trustee for plaintiff to the extent of one half of the net income of said premises to date and as to all future collections of said net rentals or other income.

It is well settled that plaintiff is entitled to her share of the rentals collected after divorce on property jointly

owned with her former spouse. Our concern is whether or not equity has jurisdiction to grant plaintiff. the relief sought.

Prior to 1949, a divorce did not destroy the estate of tenancy by the entireties. All of the incidents which pertained to the estate at its inception were retained after divorce: Alles v. Lyon, 216 Pa. 604 (1907). Recognizing the need for equitable distribution of rents and income, the court, in O'Malley v. O'Malley, 272 Pa. 528, 534 (1922), reasoned that after a divorce either party had an equal right to all the rents and, under such circumstances, the law would imply a promise by the receiver of that which belonged equally to each, to give the other his full proportion thereof. It was held that the estate of entireties was not affected by such decision, since rents were not an incident of the estate but flowed from an incident of it.

The Act of May 10, 1927, P. L. 884, sec. 1, 68 PS §501, provided the mechanics whereby divorced spouses could dispose of jointly-held property and divide the proceeds. The applicable portion of the Act of 1927, supra, reads as follows:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, either of such tenants by entireties may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. The summons in such suit shall be served in the same manner and with like effect as in cases of partition at law."

The Act of 1927, supra, smoothed the way for a divorced couple to divide their marital estate into equal shares, but it did not, per se, create a tenancy in common. It was necessary that one of the parties pursue the statutory remedy in order to destroy the estate

of tenancy by the entireties: Lazare v. Lazare, 365 Pa. 591, 595 (1950).

The 1927 Act was amended in 1949, Act of May 17, 1949, P. L. 1394, sec. 1, 68 PS §501, as follows:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. The summons in such suit shall be served in the same manner and with like effect as in cases of partition at law."

The foregoing amendment is applicable only to property acquired after the effective date of the enactment. It is inapplicable to property held by the entireties prior to the amendment: Collins v. Wilkinson, 366 Pa. 108, 110 (1950). Plaintiff has not stated the date of the acquisition of the premises in question. Lack of knowledge in this regard does not hamper our disposition of this matter, however, for from the language of the O'Malley case, supra, and that found in Stimson v. Stimson, 346 Pa. 68, 73 (1943), after divorce, the parties are considered tenants in common so far as the rents of the real estate are concerned. While equity has jurisdiction to entertain suits for the disposition of the property and the proceeds of the sale under the Act of 1927, supra, and the 1949 amendment, no provision is made for suits in equity for division of accrued rents on property jointly held by divorced spouses.

By statute, actions for collection of rents on property held by tenants in common are in assumpsit. The Act of June 24, 1895, P. L. 237, sec. 1, 68 PS §101, reads as follows:

"In all cases in which any real estate is now or shall

be hereafter held by two or more persons as tenants in common, and one or more of said tenants shall have been or shall hereafter be in possession of said real estate, it shall be lawful for any one or more of said tenants in common, not in possession, to sue for and recover from such tenants in possession his or their proportionate part of the rental value of said real estate for the time such real estate shall have been in possession as aforesaid; and in case of partition of such real estate held in common as aforesaid, the parties in possession shall have deducted from their distributive shares of said real estate the rental value thereof to which their co-tenant or tenants are entitled."

Pa. R. C. P. 1038 provides the procedure whereby the statute may be implemented.

Plaintiff prefers not to pursue a remedy at law, on the persuasive argument that if plaintiff is made whole at the conclusion of this suit, should defendant subsequently default on future rentals due, another suit would have to be instituted. Counsel thus ingeniously seeks to attach equity jurisdiction by asking us to declare defendant a trustee for plaintiff's share of the net income, both past and future, and thereby prevent the possibility of a multiplicity of suits.

It is true that under the Act of June 16, 1836, P. L. 784, sec. 13, 17 PS §281, equity has exclusive jurisdiction over the control of trustees generally: Keystone Coal Co.'s Trustee, 225 Pa. 243, 245, (1909); Farrell v. Livingston Apartments, Inc., 79 D. & C. 280, 283 (1951), opinion by Henninger, P. J.

It is equally true that equity is not available where a remedy is provided by statute. See Derry Township School District v. Barnett Coal Company, 332 Pa. 174, 177 (1938), where it was held:

"When a statute provides a remedy by which a right

may be enforced, no other remedy than that afforded by the statute can be used. The Act of March 21, 1806, P. L. 558, section 13, provides that: 'In all cases where a remedy is provided or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of said acts shall be strictly pursued . . .' That equity is not available where a remedy is provided by statute, in view of the provisions of the Act of 1806, supra, has been decided in Arna's Appeal, 65 Pa. 72, and in Phelps's Appeal, 98 Pa. 546."

The Act of 1927, supra, and the 1949 amendment, supra, limit the court of equity to suits for the disposition of jointly-held property of divorced parties. The statute must be construed strictly, and we cannot read something into it that does not appear. Using a strict construction, we find no jurisdiction in equity for an action for the collection of rents between tenants in common. On the other hand, it is abundantly clear that plaintiff has an adequate remedy at law.

That the parties before us were once united in marriage does not change the basic concept that an action for the collection of rents between tenants in common should be in assumpsit, under the Act of 1895, supra. Should the legislature find merit in counsel's argument that jurisdiction in equity could prevent multiplicity of suits, appropriate legislation is the answer. We have no authority or right to entertain this action, as the law now stands.

We conclude, as did Judge Reimel, speaking for Common Pleas Court No. 5, in Orlando v. Orlando, 88 D. & C. 370, 374 (1954), this court sitting in equity cannot entertain a prayer for an accounting for rent between tenants in common of real estate. Any action therefore must be at law; consequently the question posed at the outset is answered in the negative.

We are also without power, in these proceedings to declare the parties tenants in common of premises, 829 North Marshall Street, Philadelphia. The statutory mandate is clear. The estate of tenancy by the entireties created prior to 1949, can be destroyed only by the statutory remedy provided under the Act of 1927, supra. If the parties established this estate after the 1949 amendment became effective, there is no need for a decree of this court, since the effect of the statute is to declare the divorced spouses tenants in common of their joint estate.

Plaintiff has selected the wrong forum for relief. Wherefore, this action is herewith transferred to the law side of the court for further proceedings in accordance with the Pennsylvania Rules of Civil Procedure.