## Leavy v. Leavy

*Williamson & Cupp,* for plaintiff.
*Frederick Y. Dietrick,* for defendant.

GREEVY, J., August 26, 1958.—This is an action in equity for partition under the Act of May 10, 1927, P. L. 884, as amended by the Act of May 17, 1949, P. L. 1394, 68 PS §501 et seq.

On September 25, 1957, Frederick Y. Dietrick, Esq., was appointed by the court as trustee to make sale of certain real property situate in the twelfth ward of the City of Williamsport, Lycoming County, owned at the time of the divorce by plaintiff and defendant.

The parties were married on August 25, 1945. They acquired title to the property as tenants by the entireties on September 12, 1947. They were divorced on August 12, 1957, and being unable to agree upon a private sale of the property, this action was instituted.

On December 2, 1957, the trustee filed his first and final account with statement of proposed distribution. On December 10, 1957, plaintiff filed exceptions thereto, contending that one Budd Leavy, an equitable lienholder, should receive the balance for distribution rather than the parties.

The complaint sets forth in paragraph 8, that "there is an equitable lien against said real estate in favor of Budd Leavy, father of the Plaintiff above-named, who at the time of the purchase of said real estate loaned the Plaintiff and Defendant the sum of $1800, as part of the purchase price of said real estate and as such is entitled to be paid out of the proceeds of the sale of said real estate." The attorney for Budd Leavy contends that these facts are admitted as no answer was filed by defendant.

From our examination of the act, we are of the opinion that the exceptions are without merit.

Section 1 of the Act of May 17, 1949, P. L. 1394, 68 PS §503, provides, inter alia:

"The proceeds of any sale had under the provisions of this act, after the payment of the expenses thereof, shall be equally divided between the parties, subject, however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the respective parties, together with any interest due thereon and docket costs . . ."

The Act of 1927, as amended, supra, is to be strictly construed: Lazare v. Lazare, 365 Pa. 591. Only liens of record can be impressed as proper charges against the proceeds of sale of property under this act. Equi-

table liens, as well as other bona fide debts, which are not of record cannot be deducted from the proceeds. The claim of Budd Leavy for an equitable lien has no place in these proceedings which are entirely statutory. Budd Leavy must resort to his remedy at law. See Wilson v. Wilson, 4 D. & C. 2d 152.

We make the following

### Order

And now, August 26, 1958, the exceptions to the trustee's first and final account are dismissed; report of the trustee is confirmed absolutely and the trustee is directed to make distribution in accordance with the schedule contained therein.