## McAuly Estate

*Theodore H. Schmidt,* for exceptant.

*Tice F. Ryan, Jr.,* contra.

*William H. Colbert,* for Commonwealth.

HAY, J., February 19, 1970.—Arthur W. McAuly died on May 30, 1968. At the audit of his estate on September 17, 1969, the Commonwealth presented a tax claim in the amount of $965.50, which was objected to by the attorney representing decedent's former wife, Lennie Fern McAuly, it being her position that the estate was insolvent. Additional testimony was taken on October 28, 1969, and the following facts are not in dispute:

"ARTHUR W. McAULY died May 30, 1968. At the time of his death he was a joint owner of property situate in Oakmont Borough, Allegheny County, Pennsylvania, known as 415 California Avenue. He was not survived by a wife, having been divorced from LENNIE FERN ALTER McAULY on April 10, 1946, at proceedings in Allegheny County, Pennsylvania at No. 1455 January Term, 1946.

"Decedent and Lennie were married in 1898 in the State of Indiana and they lived in Chicago Heights until 1917. After having moved to Allegheny County, Pennsylvania, they purchased the property in question by deed dated March 30, 1936 and of record in Allegheny County, Pennsylvania in Deed Book 2532,

page 183. The deed transferred the property to Arthur W. McAuly and Lennie Fern McAuly, his wife, this joint ownership arrangement being a tenancy by the entireties. Subsequent to the divorce proceeding there was no change in the method of ownership of the real estate and the relationship of husband and wife no longer existed, nor did it exist at the time of the death of Arthur W. McAuly on said May 30, 1968."

The issue before this court is whether or not an undivided interest in real estate acquired by a husband and wife as tenants by the entireties is subject to the Pennsylvania Transfer Inheritance Tax following the death of either of them when they purchased the property and were divorced prior to September 1, 1949.

A tenant by the entireties has the right to take the whole estate following the death of the other: Ladner on Conveyancing in Pennsylvania, p. 18, 3rd ed., 1961. If a husband and wife holding real estate as tenants by the entireties were divorced, under the common law they continued to hold said property as tenants by the entireties: Alles v. Lyon, 216 Pa. 604 (1907). The Act of 1927 changed the situation by allowing a partition; however, the burden was imposed upon the party desiring such a change to petition the court for the sale of the property: Act of May 10, 1927, P. L. 884. If both parties failed to petition the court to make such a change, on the death of the first, the survivor took the whole estate. In Lazare v. Lazare, 365 Pa. 591 (1950), where realty was conveyed to the husband and the first wife as tenants by the entireties in 1940 and thereafter in 1946 the husband obtained an absolute divorce and married the second wife and they went to live on the realty, and thereafter in 1950 the husband died without ever having first divested the first wife as tenant by the entireties, the Supreme Court decided the Allegheny County Court of Common Pleas was correct in entering judg-

ment in favor of the first wife in an ejectment action as a survivor tenant.

The Act of 1949, P. L. 1394, sec. 1, 68 PS §501, reading as follows, diametrically changed this requirement:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. The summons in such suit shall be served in the same manner and with like effect as in cases of partition at law.

"At the hearing on such suit both husband and wife shall be competent witnesses. The value of the property shall be proven by the testimony of at least two impartial and disinterested witnesses. 1927, May 10, P. L. 884, §1; 1949, May 17, P. L. 1394, §1."

In Collins v. Wilkinson, 366 Pa. 108 (1950), the parties as husband and wife acquired real estate as tenants by the entireties in 1928. In 1938 they were divorced and subsequently both married again, the husband marrying one Sylvia E. Wilkinson, the defendant. The real estate was sold at treasurer's sale and subsequently repurchased by the husband. The Supreme Court then held the decision of the lower court to be correct wherein it was held that the purchase of the property by Wilkinson in his lifetime was but a redemption of the property and, therefore, inured to the benefit of both Wilkinson and his former wife, whose interest as tenant by the entirety under the law as it then stood continued despite the divorce. The court then went on to say:

"There remains but to be said the divorce did not

destroy the estate by entireties under the law applicable to this case: Alles v. Lyon, 216 Pa. 604, 66 A. 81 (1907). Partition could have been compelled under the Act of May 10, 1927, P. L. 884, 68 P.S. 501, but if such action was not instituted the entireties estate continued: Lazare v. Lazare, 365 Pa. 591, 76 A. 2d 190, though now by the amendment of May 17, 1949, P. L. 1394, 68 P.S. 501, as to property acquired after September 1, 1949, the divorce operates automatically to convert an entireties estate into a tenancy in common. It follows therefore the court below was right in entering judgment in favor of the plaintiff, the surviving tenant by entireties."

In the instant case, decedent and his wife purchased the real estate in question in 1936 and were divorced in 1946, both events occurring prior to the enactment of the aforementioned Act of 1949. As has been pointed out, the Act of May 10, 1927, P. L. 884, did not operate automatically unless one party or the other elected to take advantage of its provisions: Lazare v. Lazare, supra. Thus, their divorce did not destroy the estate created by the entireties as the events occurred prior to the Act of 1949, and, as such, after the divorce the estate retained the incidents which pertained to it at its inception, including the right of survivorship.

Therefore, under the applicable statutes and case law, this court finds that the property held as joint tenancy with the right of survivorship belongs to the surviving spouse as the property was purchased and the divorce occurred prior to the Act of 1949: Lazare v. Lazare, supra; Collins v. Wilkinson, supra.

The question before this court, however, is more complex than the incidents of the ownership of the property in question. There can be no doubt that decedent's former wife is the owner of the property as the survivor; however, the question is whether or not she

must pay a tax on that transfer. The Inheritance and Estate Tax Act of 1961, 72 PS §2485-241, under the heading "Joint Tenancy" reads as follows:

"When any property is held in the names of two or more persons, or is deposited in a financial institution in the names of two or more persons, so that, upon the death of one of them, the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right, upon the death of one of them, shall be deemed a transfer subject to tax under this act, of a fractional portion of such property to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant. *This section shall not apply to property and interests in property passing by right of survivorship to the survivor of husband and wife.* If the co-ownership was created in contemplation of death, within the meaning of section 222 of this act, the entire interest so transferred shall be subject to tax only under section 222, as though a part of the estate of the person who created the co-ownership. 1961, June 15, P. L. 373, Art. II, §241." (Italics supplied.)

A careful review of the act in its entirety fails to reveal any other provisions concerning joint tenancy with the right of survivorship or tenancy by the entireties other than the above-mentioned section. This section, however, does not apply to property and interest in property passing with the right of survivorship to the survivor except as to husband and wife. It does provide, however, that when property is held in the names of two or more persons, so that the survivor has the right to the immediate ownership and possession, upon the death of one of them, the transfer of complete title to the survivor, shall be deemed a transfer subject to a tax under the act. In the opinion

of this court, that is exactly what has transpired here. Decedent's former wife, Lennie Fern McAuly, upon the death of Arthur W. McAuly, had the right to the immediate ownership and possession of the whole property as has been previously set forth in this opinion under the applicable case law. However, she does not, according to the Inheritance and Estate Tax Act of 1961, receive the property free of taxation. That is allowed *only* where the property passes to the survivor of a husband and wife. Although Lennie Fern McAuly was Arthur W. McAuly's former wife, she does not, in the opinion of this court, fall within the protective umbrella of that exception as she was not his wife at his death.

Historically, the estate tenancy by the entireties was an estate reserved only for husband and wife and that continues to be the case today. Textbook writers have written that the fiction of the tenancy by the entireties whereby the husband or the wife always owned the property as if the other had never owned it was due to the fact that the two were one by virtue of marriage, and this fiction has continued into our modern property law and is supported by the Commonwealth of Pennsylvania as a matter of public policy in its tax laws. The last expression of this public support is set forth in the Inheritance and Estate Tax Act of 1961 wherein it states:

"This section shall not apply to property and interests in property passing by right of survivorship to the survivor of husband and wife."

In the case presently before this court, we have a transfer not covered by the above exception. Arthur W. McAuly and Lennie Fern McAuly once enjoyed the fiction of unity as benefits a husband and wife at the time of their purchase of the property in 1936. Although that tenancy was not destroyed by the Act of 1949 insofar as the property is concerned, it fails to

come under the protective umbrella of the Inheritance and Estate Tax Act of 1961, which is reserved only for husband and wife. During the lifetime of either of these two parties, following their divorce, they could have partitioned the property in question. There is no doubt that the Collins case, supra, confirms the right of Lennie Fern McAuly to take the property as the survivor, but the Act of 1961 makes this transfer a taxable one. Therefore, this court finds that the Commonwealth of Pennsylvania is entitled to inheritance tax on the property in accordance with the above-quoted section of the Inheritance and Estate Tax Act of 1961.

A decree will be prepared accordingly.

## ORDER

PER CURIAM:

And now, February 19, 1970, it is hereby ordered, adjudged and decreed that the Commonwealth of Pennsylvania is entitled to the inheritance tax as claimed on the property passing to Lennie Fern McAuly in the above captioned estate and a decree will be prepared in accordance with this order and the opinion as filed.

## DECREE

PER CURIAM:

And now, March 12, 1970, exceptions have been filed to the order of court dated February 19, 1970, and after argument thereon before the court en banc and after consideration thereof, it is hereby ordered, adjudged and decreed that the exceptions filed to the order of court are dismissed and the order of court is affirmed on the opinion of the auditing judge.