## Wallick v. Wallick

*James B. Leckrone,* for plaintiff.

*Robert O. Beers* and *Donald B. Swope,* for defendant.

ATKINS, P. J., March 30, 1972.—Glenn R. Wallick and Doris V. Wallick were married December 24, 1953. The marriage terminated by divorce May 26, 1969. By deed dated July 12, 1963, they took title as tenants by the entireties to the real property which is the subject of this litigation. On October 8, 1969, Doris V. Wallick, plaintiff, filed her complaint in equity seeking a decree in partition and the appointment of a trustee to sell the property and divide the proceeds. The matter proceeded under the procedures provided in Pennsylvania Rules of Civil Procedure 1551-1591.

After two attempts to complete a private sale, each

of which was not completed because the respective purchasers failed to produce the purchase money, the trustee sold the property at public sale. Parenthetically, we point out that defendant was the purchaser in the first private sale.

A return of sale was filed September 30, 1971, by the trustee, which included a proposed schedule of distribution of the funds in his hands composed of a forfeited down payment from the first abortive private sale, and the proceeds generated by the public sale.

On October 5, 1971, defendant filed a petition to set aside the sale. A rule was granted on plaintiff and on the trustee to show cause why the sale should not be set aside. We observe that no notice was given to the purchaser at the public sale, but in the light of the disposition we make of the case, it appears that no harm has resulted from that omission. At the same time, defendant filed exceptions to the proposed schedule of distribution. Arguments on the rule and the exceptions were heard by the court en banc, and this is written for the court en banc.

We first shall deal with the petition to set the sale aside. This raises one issue: that the exclusive procedure for partition in this kind of case is that provided by the Act of May 27, 1927, P. L. 884, as amended by the Act of May 17, 1949, P. L. 1394, 68 PS §501-504. Although the complaint originally filed by plaintiff in the prayer specifically requests a partition in accordance with the aforementioned Acts of Assembly, plaintiff in pursuit of her case ignored these Acts of Assembly and proceeded under the rules of Pa. R. C. P. 1551-1591. No objection was made to this apparent inconsistency at any time while the case was in progress until after the trustee had filed his return of sale. Neither does defendant now allege that any of the procedural steps followed were in any way violative

of the Pa. R. C. P. 1551-1591. Defendant's position now is that this procedure was void and that the exclusive procedure for partition of real estate acquired by husband and wife as tenants by the entireties who are subsequently divorced, is by following the Acts of 1927 and 1949. We then must determine whether the failure to proceed under these statutory enactments is fatal in this case.

Prior to the Act of May 13, 1925, P. L. 649, repealed by the Act of May 27, 1927, P. L. 884, both of which provided a procedure for a partition of property by tenants of the entireties after the divorce, by providing a sale of the property and a division of the proceeds, such an estate was in no way changed by divorce: Alles v. Lyon 216 Pa. 604; O'Malley v. O'Malley 272 Pa. 528; Gasner v. Pierce 286 Pa. 529; Collins v. Wilkinson 366 Pa. 108. Neither did the Act of 1925, nor the Act of 1927, affect the character of the estate nor the rights of the parties therein, except to provide for the sale of the property and a division of the proceeds: Lazare v. Lazare, 365 Pa. 591; Collins v. Wilkinson, supra; McAuly Estate, 49 D. & C. 2d 407.

Since this property was acquired by the parties after the effective date of the Act of May 17, 1949, P. L. 1394, the divorce of the parties did have the effect of changing the nature of the estate from one of tenants by the entireties to one of tenants in common by the clearly expressed language of section 1 of that act: 68 PS §501. This change in the nature of the estate of the parties is far reaching. The right of survivorship is lost. The undivided interest of the former wife may be sold under an execution on a judgment obtained during coverture against her alone: Weir v. Taylor, 45 D. & C. 2d 197.

The question then becomes whether partition under Pa. R. C. P. 1551-1591 will lie regarding property for-

merly held by a husband and wife as tenants by entireties, but now by reason of divorce, held by them as tenants in common.

Land held as tenants in common has always been subject to partition in Pennsylvania, although the action of partition at common law was available only to coparceners. It was made available to tenants in common by Statute 31, Henry VIII, which is extended to Pennsylvania: Coleman v. Coleman, 19 Pa. 100; Seiders v. Giles, 141 Pa. 93.

It is suggested that when the Supreme Court in Pa. R. C. P. 1590 (10) saved the Act of May 10, 1927, P. L. 884, as amended by the Act of May 17, 1949, P. L. 1394, from suspension, it was intended that the procedure set up in those acts was intended to apply exclusively to all cases of partition of land acquired as husband and wife as tenants by entireties who subsequently become divorced.

We do not believe that this was the reason for saving those acts from suspension. As we have heretofore pointed out, where land was acquired between September 1, 1927, and September 1, 1949, by husbands and wives as tenants by the entireties, the nature of the estate was not changed by divorce. Except for the Acts of 1927 and 1949, there is no method whereby land held by the entireties may be partitioned even after divorce: Lazare v. Lazare, supra. Thus, there was a very important reason to save those acts from suspension, otherwise, there would be many cases where no partition could now be had.

The Act of 1949 states no limits or restrictions upon the attributes of the tenancies in common created by it; such as, limiting the procedure for partition, nor do we envision any reason for such a restriction. We, therefore, conclude that in a case where land is acquired after September 1, 1949, by husband and wife as

tenants by the entireties and the tenancy is changed by a divorce to a tenancy in common, partition in the manner prescribed by Pa. R. C. P. 1551-1591 may be had.

We turn now to the exceptions to the return of sale. The first three exceptions relate to procedures followed in this case, and these have been answered by our discussion to set the sale aside.

The fourth reason is stated: "Refused to allow the defendant to bid at the sale." The depositions filed in the case indicate that defendant was arrested on a warrant based on information charging him with interference with the execution of process or order. The order involved here was directed to the trustee commanding him to sell the premises. The testimony showed defendant had blocked the driveway to the property with his automobile on which he had displayed a sign bearing the legend, "No Sale." He also testified that he had told people there would be no sale. It seems clear that his arrest and subsequent removal prior to the sale resulted from his own actions, and were not designed by the trustees or anyone connected with the sale, for the purpose of preventing him from bidding. Furthermore, he never testified that he had any intention to bid. Under the circumstances, we do not consider this exception well taken.

The fifth exception objects to the charging of the counsel fee of plaintiff's counsel against the proceeds of the sale as part of the costs thereof. This exception is well taken, as this is a charge to be borne by plaintiff and is not properly a cost of the sale: McManus v. McManus, 44 D. & C. 2d 358.

Exception six alleges that a judgment of Adams County National Bank is not chargeable against the proceeds of the sale prior to division. In the brief, Mr. Wallick's counsel states that the judgment has, in fact,

been paid. This fact, however, is not shown in the record before us. We do agree, however, that this item should be charged only against Glenn R. Wallick, and to that extent the exception is sustained.

The same is true of the judgment of Doris V. Wallick referred to in the seventh exception. This exception will be sustained and the amount due on this judgment will likewise be charged only against the share of Glenn R. Wallick.

Accordingly, we enter this

## ORDER

And now, to wit, this March 30, 1972, it is ordered, adjudged, and decreed that the petition to set aside the sale of the premises described in the complaint herein, be and is hereby dismissed, and the rule granted herein is discharged, and the trustee is directed to prepare a revised schedule of distribution in accordance with this opinion.

## OPINION SUR EXCEPTIONS

ATKINS, P. J., October 11, 1972.—In this case, defendant has excepted to an amended schedule of distribution filed by the master appointed to sell real estate formerly held by the parties as tenants by the entireties. Exceptions had been filed to the original return of sale. Some of the exceptions were sustained, and an amended return was filed in compliance with that order.

Actually, what defendant seems to be doing here is not so much to except to the trustee's amended return, but to present a claim for reimbursement for payments alleged to be made by him that benefited plaintiff through the protection that those payments afforded the property from the liens against it.

The first exception is in reference to a payment of $468.25 paid by defendant for 1969 taxes. The law is clear that in this case he was a volunteer, and he is not entitled to claim reimbursement: Lohr's Estate, 132 Pa. Superior Ct. 125; Gaul v. McLaughlin, 207 Pa. Superior Ct. 434. He also refers to a payment made to the trustee for 1968 taxes. This payment is erroneously described as being for 1969 taxes, but, in fact, was for 1968 taxes, and is so recorded in the office of the Tax Claim Bureau. The first exception is, therefore, dismissed.

The second exception claims credit for interest payments made on a mortgage which was a lien on the property given to secure an obligation executed by both parties to this action. All of the payments, save the last two, were made prior to the filing of the original return and proposed schedule of distribution, and all were made before the exceptions filed thereto were acted on by the court. Payments made by one cotenant on a mortgage are chargeable against the other cotenant in a partition proceeding: Hickman's Estate, 40 Pa. Superior Ct. 244; Morehead v. Overton, 39 D. & C. 2d 595. Since all of the payments made by this defendant were made after the divorce, they were made at a time when the relationship of the parties was that as tenants in common: Act of May 27, 1927, P. L. 884, as amended by Act of May 17, 1949, P. L. 1394, 68 PS §§501-504. Plaintiff contends that since this point could have been raised in the first proposed schedule of distribution and was not, it cannot now be raised.

Neither party has called attention to any authority pro or con to this argument. While we do not encourage piecemeal approaches to disputes, it does appear that no one would be prejudiced by allowing the claim to which defendant is justly entitled under the law. Therefore, the second exception is sustained,

and plaintiff will be charged to one-half of the mortgage interest payments as set forth in that exception.

The third exception refers to a judgment of Adams County National Bank against Glenn Wallick. It was made the subject of an exception to the first proposed schedule of distribution. We there held that the balance due was not chargeable in any account against Doris v. Wallick, but was chargeable in full against Glenn R. Wallick, and in the absence of proof the judgment had been satisfied, the payment of the balance due was to be made by the trustee to the bank. It now appears that the judgment has been satisfied on the record. Hence, it is no longer a lien against the proceeds of the sale, and there is nothing to charge against Glenn R. Wallick on account of this obligation. This exception is, therefore, sustained.

The fourth and last exception claims credit for payment by Glenn R. Wallick of a judgment in favor of Farmers Bank & Trust Company in the amount of $3,000. The judgment was said to be against both Glenn R. Wallick and Doris V. Wallick. The allegation is made that Glenn R. Wallick paid this obligation by two payments: one on February 12, 1970, in the amount of $2,917.90, and one on January 19, 1971, in the amount of $1,637.07, making total payments of $4,554.97. For this he alleges that one-half of the payments should be charged against Doris V. Wallick and that the amount to be thus charged is $2,772.48. There is obviously an error in mathematics in the above computations.

There is a more serious problem, however, in that the only judgment appearing on the record of this court in favor of the Farmers Bank & Trust Company against these parties that would have been a lien on this property at the time it was held by them as tenants

in common, is one in the amount of $1,500 entered November 27, 1967, to October term, 1967, no. 891, and satisfied January 25, 1971.

It is clear that we have no way of ascertaining from this record, nor from the records of this court, the correct information regarding this matter or what the actual facts are. Accordingly, we can come to no sustainable conclusion from which an accurate determination can be made concerning the validity of defendant's claim regarding this judgment. Since defendant has had ample opportunity to supply a record with testimony or depositions, and has not done so, but has seen fit to rely only on the statements in his exceptions and the bare record itself, we are not inclined to give him more opportunity to clarify this matter. He has already had many days in court, and, as we said previously, we do not encourage piecemeal approaches to litigation. The fourth exception is, therefore, dismissed, and we enter the following

### ORDER

And now, to wit, October 11, 1972, it is ordered, adjudged and decreed that the first and fourth exceptions are dismissed.

The second exception is sustained, and the share of Doris V. Wallick is charged with one-half of the payments made by defendant, Glenn R. Wallick, which would be $1,087.50.

The third exception is sustained, and therefore, there is no charge against the share of Glenn R. Wallick by reason of the judgment formerly owing to the Adams County National Bank entered to January term, 1968, no. 1348.

The master is directed to make distribution of the balance in his hands in such manner as will give ef-

fect to this order, and upon receipt of such distribution, each of the parties will execute their release, releasing the master from any further responsibilities regarding this matter.