461 A.2d 846

**Mildred R. KEEN By Frank VAN KLEEF,**

v.

**Edward B. KEEN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1982.

Filed June 17, 1983.

Petition for Allowance of Appeal Denied Nov. 9, 1983.

162

Larry B. Maier, Ephrata, for appellant.

John L. Sampson, Lancaster, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

Mildred R. Keen (hereinafter "decedent") and appellant, Edward B. Keen, were married on June 19, 1937 in Bel Air, Maryland. On October 30, 1948, they purchased real estate, as tenants by entireties, situate in Lancaster County, Pennsylvania, and comprising some twenty-four (24) acres. From 1949 through 1961, decedent and appellant conveyed portions of the above real estate in five (5) separate transactions so that, at the commencement of this action below, approximately twenty-three (23) acres remained.

Decedent and appellant divorced on October 7, 1977. One month thereafter, decedent filed a Complaint in Equity in the Court of Common Pleas of Lancaster County asking for partition of the aforementioned real estate and the appointment of a trustee for sale of the property and equitable distribution of the net proceeds. On January 17, 1978, before appellant filed any responsive pleading to the Complaint, decedent died. Shortly thereafter, appellee, as administrator of decedent's estate, was substituted as plaintiff in the lower court proceeding.

On August 10, 1978, appellant filed preliminary objections, including a demurrer, seeking dismissal of the Complaint on grounds that full title to the real estate passed exclusively to him on the decedent's date of death as the surviving tenant of a tenancy by entireties. The lower court denied the demurrer on September 27, 1978. The lower court held that the tenancy by entireties was actually severed upon the mere filing of the partition action; consequently, full and exclusive title to the twenty-three (23)

acres did not pass to appellant as the surviving spouse. Instead, the property was partitioned into two equal shares.

Following protracted proceedings involving the filing of amended complaints, preliminary objections, briefs, answers and amended counterclaims, the lower court entered a stipulation and order, dated May 28, 1981, permitting either party to appeal from the order and affirming the earlier partitioning of the real estate into a one-half fee simple interest for decedent's estate and the same one-half interest for appellant.

Appellant's exceptions to the May 28th order were denied by an Order of Court, dated November 6, 1981, which reaffirmed the lower court's original order of partition. Appellant appeals from this latest order of November 6, 1981.

We must decide whether the mere filing of a partition action after divorce under an Act of 1927 operates as the termination of a tenancy by entireties and a conversion of the entireties estate into a tenancy in common. As is quite often the case, we address an issue not yet settled by our appellate courts; therefore, we consider the history of estates in land, statutory construction, related decisional law, and the opinion of our trial courts.

Until 1925, Pennsylvania adhered to the common law position. A tenancy by entireties was a single entity, composed of two married persons holding title to the entire estate. 1 Grover Cleveland Ladner, *Ladner on Conveyancing in Pennsylvania,* § 1.08 (4th ed. 1979). As a result, this entirety of title could not be severed by partition, *Sterrett v. Sterrett,* 401·Pa. 583, 166 A.2d 1 (1960), conveyance, *Gasner v. Pierce,* 286 Pa. 529, 134 A. 494 (1926), or divorce, *O'Malley v. O'Malley,* 272 Pa. 528, 116 A. 500 (1922). It was not until the enactment of successive statutes in 1925 and 1927, Act of May 13, 1925, P.L. 649; Act of May 10, 1927, P.L. 884, 68 P.S. § 501, when either tenant by entireties could compel partition of the estate after divorce.

With the exception of a minor change in statutory language, having no significance to the instant matter, the Act of 1927 re-enacted the pertinent provisions of the Act of 1925. Section 501 of the Act of 1927 provided:

"That whenever any husband and wife hereafter holding property as tenants by entireties have been divorced either of such tenants by entireties may bring suit in the court of common pleas sitting in equity of the county where the property is situate against the other to have the property sold and the proceeds divided between them." *Id.*

Subsequently, in 1949, the Act of 1927 was repealed by the Act of May 17, 1949, P.L. 1394, 68 P.S. § 501. This latter act expressly provided for the *automatic* conversion upon divorce of a tenancy by entireties to a tenancy in common of equal one-half shares in value. See *Lykiardopoulos v. Lykiardopoulos,* 453 Pa. 290, 309 A.2d 548 (1973); *Hunsberger v. Bender,* 407 Pa. 185, 180 A.2d 4 (1962). This Act of 1949 was further amended by the Act of 1978, P.L. 202, No. 53, 68 P.S. § 501, but the automatic severance of the estate upon divorce was unaffected.

Insofar as the property at issue was acquired prior to 1949, the parties stipulate that the Act of 1949 and amendments thereto are not applicable; therefore, there was no automatic conversion of the estate upon divorce. *Barlet v. Barlet,* 88 Pa.D. & C. 550 (1954). The property here was purchased in 1948; consequently, the Act of 1927 governs. See *Johns v. Johns,* 52 Pa.D. & C.2d 99 (1971); *McAuly's Estate,* 49 Pa.D. & C.2d 407 (1970).

The lower court interpreted the Act of 1927 in accordance with the opinion issued in *Harrier v. Harrier,* 59 Pa.D. & C. 682 (1947). The parties in *Harrier* acquired property in 1926 as tenants by entireties. They were divorced in 1939 and plaintiff/ex-wife filed a partition action in 1946 for the sale and division of net proceeds of the house. Plaintiff died within one month of filing the complaint and defendant argued that the proceeding was barred since he acquired exclusive title to the real estate as the surviving tenant.

The *Harrier* court noted the statutory mandate that either tenant by entireties must "bring suit" to commence partition proceedings. Plaintiff's commencement of the partition suit was an act equated by the court to a surviving spouse's formal election to refuse the provisions of her deceased husband's will; the election alone precludes distribution of assets according to the will, despite the need to finalize probate proceedings. Accordingly, the *Harrier* court found plaintiff to have fully complied with the Act's requirements; hence, the action survived and defendant's rights to survivorship were defeated.

Appellant would have us apply the rationale of *Lazare v. Lazare*, 365 Pa. 591, 76 A.2d 190 (1950) and *Sheridan v. Lucey*, 395 Pa. 306, 149 A.2d 444 (1959), to overrule *Harrier*. In *Lazare*, decedent's ex-wife filed an action in ejectment to gain possession of real estate occupied by decedent's second and surviving spouse. The residence was purchased by plaintiff and decedent as tenants by entireties in 1940. Thereafter, the parties divorced, the residence was not partitioned, and decedent remarried and maintained the residence as his home with his second wife until his death. Similarly, the Act of 1927 applied. The court concluded that the legislature, in promulgating the Act,

> "intended to modify the law only to the extent necessary to enable divorced parties, holding property by the entireties, to petition a court for a sale of the property and to give to each party an equitable share in the proceeds of such sale." *Id.* 365 Pa. at 595, 76 A.2d at 192.

Further evidence of the limited change of common law was noted, according to *Lazare*, in Section 3 of the Act of 1927 describing the interest subsequent to divorce as "one-half of the *value* of the property, ..." *Lazare* said "value" connotes a monetary interest rather than a proprietary one; therefore, it was not until the property was sold that partition occurred and a separate one-half interest vested in each tenant. Prior to sale, both tenants remained tenants by entireties, regardless of divorce and commencement of a partition action.

A similar interpretation was taken in *Sheridan v. Lucey,* supra. The *Sheridan* plaintiff was a joint tenant with two others. She filed a complaint in partition, to which answers were filed. Before completing her formal reply, plaintiff died. One of the two remaining defendant/joint tenants died also while the action was pending. In finding the joint tenancy unaffected by the filing of the complaint, the *Sheridan* court opined:

"... we believe that the mere pendency of an action in partition, without more, is insufficient to work a severance of the joint tenancy, whereupon an abatement occurs upon the death of one of the joint tenants. This for the reason that, although a voluntary act on the part of one of the joint tenants is adequate to work a severance, that act must be of sufficient manifestation that the actor is unable to retreat from his position of creating a severance of the joint tenancy. We believe that the pendency of a partition proceeding, before the issues have been formulated, is such a premature act that the complainant has an election to continue the proceedings to judgment, thus affecting a severance of the joint estate or discontinuing the action and leaving the joint tenancy in status quo. It therefore becomes apparent that the death of the complainant does not work an election but leaves the parties where they were at the time of his death, i.e., vested with a joint tenancy, whereby the remaining or surviving tenant, by operation of law, obtains the deceased tenant's interest." *Id.* 395 Pa. at 309; 149 A.2d at 444.

The *Lazare* court unnecessarily extended its interpretation of the Act of 1927 in resolving the issue. It was necessary for that court to simply determine the effect of divorce on the character of a tenancy by entireties; an action for partition was never filed there and no attempt to sell and liquidate the house was made. *Lazare* was not, then, reviewing the effects on a tenancy by entireties of both a partition action and the death of a co-owner subsequent to the filing of the action; we agree with the lower

court and deem *Lazare* inapposite. We also distinguish *Sheridan*. The *Sheridan* court was strictly concerned with the effect of a pending partition action on joint tenancies; therefore, it did not review the statutory language of the Act of 1927.

We find it more prudent to affirm on the bases of *Harrier*, statutory construction and equitable principles. The Statutory Construction Act of 1972 directs that "(w)ords and phrases shall be construed according to rules of grammar and according to their common and approved usage...." Section 3 of the Act of 1927 provides in part as follows:

> "In any case where a husband and wife shall hereafter acquire property as tenants by entireties, and shall be divorced, the interest of each of the respective tenants by entireties, subsequent to said divorce, shall be conclusively deemed to be *one-half of the value* of the property, and, to accomplish the provisions of this act, the common-law rule relating to entireties is hereby modified." (emphasis added).

We will not force an interpretation of the words and phrases in section 3 contrary to "common and approved usage". In finding divorce capable of rendering each spouse's interest "one-half of the value of the property", our legislature in 1927 effectively negated the "undivided-interest-in-the-whole" characteristic common to both joint tenancies and tenancies by entireties. See *United States v. Jacobs*, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763 (1939). However, this statutory change of common law obviously did not extend to an automatic termination upon divorce of the tenancy by entireties. The Act of 1949 provided for that event. Further, *Harrier* quite clearly provides for the additional step of filing a partition action under the Act of 1927 before termination of the tenancy by entireties is attained. At most, divorce under the Act of 1927 merely changes the monetary interest, it does not change the type of concurrent ownership. It is the better position to view the Act of 1927 as a hybrid of common law and the Act of 1949; it neither

unduly prolongs the tenancy by entireties status after divorce nor automatically terminates it upon divorce.

This interpretation is both logical, as heretofore discussed, and equitable. Decedent filed the partition action one month following the court's issuance of a divorce decree. Even with the filing of a more prompt complaint by decedent and responsive pleading by appellant, the partition proceeding would not have concluded prior to decedent's death. Therefore, decedent acted responsibly and did as much as possible toward reaching partition and sale before her death. Unfortunately, were our decision otherwise, less anxious defendants, as appellant appeared to be here, could delay with the hope of precluding partition and maintaining a survivorship status. We will not permit such an inequitable result.

Order affirmed.

POPOVICH, J., concurs in the result.